Jay R. McDaniel, Esq.
NJ Attorney ID No.: 011481992
jmcdaniel@weiner.law
Clark E. Alpert, Esq.
NJ Attorney ID No.:  025311978
calpert@weiner.law
**WEINER LAW GROUP LLP**
629 Parsippany Road
Parsippany, New Jersey 07054
(973) 403-1100/Fax: (973) 403-0010
Attorneys for Defendants Emerson Quiet Kool Co. Ltd.
and Home Easy Ltd.
1358372_1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMERSON RADIO COPRORATION,<br><br>           Plaintiff,<br><br>v.<br><br>EMERSON QUIET KOOL CO. LTD. and<br>HOME EASY LTD.,<br><br>           Defendants. | Civil Action No. 2:17-cv-05358-SDW-LDW<br><br>**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |

Defendants EMERSON QUIET KOOL CO. LTD. and HOME EASY LTD. (Defendants"), by and through their undersigned attorneys, answer the First Amended Complaint ("Complaint") of Plaintiff as set forth below.  To the extent not specifically admitted, Defendants deny each and every allegation in the Complaint.  Defendants incorporate the headings used by Plaintiff in the Complaint for convenience and ease of reference, and deny any allegations, assertions or inferences associated with same.

1

## NATURE AND BASIS OF THE ACTION

1.       Paragraph 1 of the Complaint consists of statements, argument or conclusions of law to which no admission or denial is required.  To the extent a response is required, Home Easy deny the allegations set forth in Paragraph 1 of the Complaint.

2.       Paragraph 2 of the Complaint consists of statements, argument or conclusions of law to which no admission or denial is required.   To the extent a response is required, Defendants admit that this is action brought by Emerson Radio asserting claims for trademark infringement pursuant to Section 32 of the Lanham Act (15 U.S.C. § 1114), trademark infringement, unfair competition and false designation of origin pursuant to Section 43(a)(1)(A) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A)), false advertising pursuant to Section 43(a)(1)(B) of the Lanham Act (15 U.S.C. § 1125(a)(1)(B)), cybersquatting under Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d)), for related claims of trademark infringement, dilution, false designation of origin and unfair competition under the statutory and common law of New Jersey (N.J. Rev. Stat. § 56:3-13.16, § 56:3-13.20, § 56:8-2 and additional provisions of Title 56), and for cancellation of Defendants' United States Registration No. 4,688,893 (15 U.S.C. § 1119).  To the extent a response is required, Defendants deny the legal sufficiency of Plaintiff's claims and allegations.

## THE PARTIES

**Plaintiff Emerson Radio**

3.       Defendants admit the allegations set forth in Paragraph 3 of the Complaint.

4.       Defendants are without information sufficient to form a belief as to the allegations set forth in Paragraph 4 of the Complaint, and therefore deny same.

**Defendants EQK and Home Easy**

5.     Defendants admit that the he truth of the allegations set forth in Paragraph 5 of the Complaint.

6.     Defendants admit the allegations set forth in Paragraph 6 of the Complaint.

7.     Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8.     Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9.     Defendants admit that they maintain offices at 1275 Bloomfield Avenue, Unit 141, Building 16, Fairfield, New Jersey 07004 and that Defendant Home Easy operates from that address.

10.    Defendants admit that its Emerson Quiet Kool products carry a warranty.

11.    Defendants deny the allegations in Paragrah 11 of the Complaint.

12.    Defendants deny the allegations in Paragrah 12 of the Complaint, except admit that Home Easy is authorized by EQK to use the EMERSON QUIET KOOL marks in connection with air conditioners and dehumidifiers.

13.    Paragraph 13 of the Complaint consists of statements, argument or conclusions of law to which no admission or denial is required.   To the extent a response is required, Defendants deny the allegations set forth in Paragraph 13.


## JURISDICTION AND VENUE

14.    Defendants admit that this Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), in that it may involve claims arising under the Lanham Act.  EQK deny all other allegations set forth in Paragraph 14 of the Complaint.

15. Defendants admit that this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1338(b), in that it may involve claims arising under state law.

16. Defendants deny that this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1338(b) to pursue a claim for cancellation in this Court.

17. Paragraph 17 of the Complaint consists of statements, argument or conclusions of law to which no admission or denial is required. To the extent a response is required, Defendants admit that this Court has personal jurisdiction over Defendants. Defendants deny the remaining allegations set forth in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint consists of statements, argument or conclusions of law to which no admission or denial is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 18.

## GENERAL ALLEGATIONS

**Emerson Radio, Its Products, and the Emerson Radio Marks**

19. Defendants are without information sufficient to form a belief as to the allegations set forth in Paragraph 19 of the Complaint, and therefore deny same.

20. Defendants are without information sufficient to form a belief as to the allegations set forth in Paragraph 20 of the Complaint, and therefore deny same.

21. Defendants are without information sufficient to form a belief as to the allegations set forth in Paragraph 21 of the Complaint, and therefore deny same.

22. Defendants are without information sufficient to form a belief as to the allegations set forth in Paragraph 22 of the Complaint, and therefore deny same.

23. Defendants are without information sufficient to form a belief as to the allegations set forth in Paragraph 23 of the Complaint, and therefore deny same.

24.     Paragraph 24 of the Complaint consists of statements, arguments or conclusions of law to which no admission or denial is required.  To the extent a response is required, Defendants are without information sufficient to form a belief as to the allegations set forth in Paragraph 24 of the Complaint, and therefore deny same.

25.     Paragraph 25 of the Complaint consists of statements, arguments or conclusions of law to which no admission or denial is required.  To the extent a response is required, Defendants are without information sufficient to form a belief as to the allegations set forth in Paragraph 25 of the Complaint, and therefore deny same.

26.     Paragraph 26 of the Complaint consists of statements, arguments or conclusions of law to which no admission or denial is required.  To the extent a response is required, Defendants admit that Exhibit A appears to be copies of records from the United States Patent and Trademark Office.  Defendants are without information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 26 of the Complaint, and therefore deny same.

27.     Paragraph 27 of the Complaint consists of statements, arguments or conclusions of law to which no admission or denial is required.  To the extent a response is required, Defendants admit that Exhibit A appears to be copies of records from the United States Patent and Trademark Office.  Defendants are without information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 27 of the Complaint, and therefore deny same.

28.     Paragraph 28 of the Complaint consists of statements, arguments or conclusions of law to which no admission or denial is required.  To the extent a response is required,

Defendants are without information sufficient to form a belief as to the allegations set forth in Paragraph 28 of the Complaint, and therefore deny same.

29.     Paragraph 29 of the Complaint consists of statements, arguments or conclusions of law to which no admission or denial is required.   To the extent a response is required, Defendants are without information sufficient to form a belief as to the allegations set forth in Paragraph 29 of the Complaint, and therefore deny same.

30.     Paragraph 30 of the Complaint consists of statements, arguments or conclusions of law to which no admission or denial is required.   To the extent a response is required, Defendants are without information sufficient to form a belief as to the allegations set forth in Paragraph 30 of the Complaint, and therefore deny same.

31.     Paragraph 31 of the Complaint consists of statements, arguments or conclusions of law to which no admission or denial is required.   To the extent a response is required, Defendants are without information sufficient to form a belief as to the allegations set forth in Paragraph 31 of the Complaint, and therefore deny same.

32.     Paragraph 32 of the Complaint consists of statements, arguments or conclusions of law to which no admission or denial is required.   To the extent a response is required, Defendants are without information sufficient to form a belief as to the allegations set forth in Paragraph 32 of the Complaint, and therefore deny same.

33.     Paragraph 33 of the Complaint consists of statements, arguments or conclusions of law to which no admission or denial is required.  To the extent a response is required, Exhibit B speaks for itself.  Defendants are without information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 33 of the Complaint, and therefore deny same.

34.     Paragraph 34 of the Complaint consists of statements, arguments or conclusions of law to which no admission or denial is required.  To the extent a response is required, Defendants are without information sufficient to form a belief as to the allegations set forth in Paragraph 34 of the Complaint, and therefore deny same.

35.     Paragraph 35 of the Complaint consists of statements, arguments or conclusions of law to which no admission or denial is required.  To the extent a response is required, Defendants are without information sufficient to form a belief as to the allegations set forth in Paragraph 35 of the Complaint, and therefore deny same.

**Defendants' Wrongful Acts**

36.     Defendants deny the allegations set forth in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38.     Defendants admit that the air conditioners and dehumidifiers sold under the EMERSON QUIET KOOL brand are sold through a variety of retailers including Home Depot, Walmart, Amazon.com, and Wayfair.com.  Defendants deny the remaining allegations set forth in Paragraph 38 of the Complaint.

39.     Defendants admit that EMERSON QUIET KOOL is used in the sale of products by Defendant Home Easy.  Defendants Deny the remaining allegations in Paragraph 39  of the Complaint.

40.     The content of the website emersonquietkool.com speaks for itself, and Plaintiff is referred to the website for a complete statement of its contents.

41.     A copy of the printouts from the website, emersonquietkool.com, attached as Exhibit C to the Complaint, speaks for itself, and Plaintiff is referred thereto for a complete

statement of its contents.  Defendants deny the remaining allegations set forth in Paragraph 41 of the Complaint.

42.     Exhibit D to the Complaint speaks for itself.  Defendants deny the remaining allegations set forth in Paragraph 42 of the Complaint.

43     A copy of the printouts from the website, emersonquietkool.com, attached as Exhibit C to the Complaint, speaks for itself.

44.     A copy of the printouts from the website, emersonquietkool.com, attached as Exhibit C to the Complaint, speaks for itself.  Defendants deny the remaining allegations set forth in Paragraph 44 of the Complaint.

45.     A copy of the printouts from the website, emersonquietkool.com, attached as Exhibit C to the Complaint, speaks for itself.  Defendants deny the remaining allegations set forth in Paragraph 45 of the Complaint.

46.     Exhibit D to the Complaint, speaks for itself.  Defendants deny the remaining allegations set forth in Paragraph 45 of the Complaint.

47.     Defendants deny the allegations in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations in Paragraph 48 of the Complaint.

**Any Trademark Rights Acquired by EQK Were Only After a Period of Nonuse and Abandonment**

49.     Defendants deny the allegations in Paragraph 49 of the Complaint.

50.     Defendants admit the allegations in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations in Paragraph 52 of the Complaint, except admit that EQK acquired the EMERSON QUIET KOOL trademark and goodwill associated with the mark by assignment.

8

53.     Defendants are without information sufficient to form a belief as to the allegations set forth in Paragraph 53 of the Complaint, and therefore deny same.

54.     Defendants deny the allegations in Paragraph 54 of the Complaint.

55.     Defendants are without information sufficient to form a belief as to the allegations set forth in Paragraph 55 of the Complaint, and therefore deny same.

56.     Defendants deny the allegations in Paragraph 55 of the Complaint, and therefore deny same.

57.     The publicly available records at the United States Patent and Trademark Office speak for themselves.  Defendants deny the remaining allegations set forth in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations in Paragraph 62 of the Complaint.

63.     Paragraph 63 of the Complaint consists of statements, arguments or conclusions of law to which no admission or denial is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations in Paragraph 65 of the Complaint.

**Defendants' Wrongful Conduct Has Caused Emerson Radio Harm and Risks Future Harm**

66.     Defendants deny the allegations set forth in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations set forth in Paragraph 67 of the Complaint.

68.     Paragraph 68 of the Complaint consists of statements, arguments or conclusions of law to which no admission or denial is required.  To the extent a response is required, Defendants are without information sufficient to form a belief as to the allegations set forth in Paragraph 68 of the Complaint, and therefore deny same.

69.     Paragraph 69 of the Complaint consists of statements, arguments or conclusions of law to which no admission or denial is required.  To the extent a response is required, Defendants are without information sufficient to form a belief as to the allegations set forth in Paragraph 69 of the Complaint, and therefore deny same.

70.     Paragraph 70 of the Complaint consists of statements, arguments or conclusions of law to which no admission or denial is required.  To the extent a response is required, Defendants are without information sufficient to form a belief as to the allegations set forth in Paragraph 70 of the Complaint, and therefore deny same.

71.     Defendants are without information sufficient to form a belief as to the allegations set forth in Paragraph 71 of the Complaint, and therefore deny same.

72.     Defendants are without information sufficient to form a belief as to the allegations set forth in Paragraph 72 of the Complaint, and therefore deny same.

73.     Defendants are without information sufficient to form a belief as to the allegations set forth in Paragraph 73 of the Complaint, and therefore deny same.

74.     Defendants admit that *Emerson Electric Co. v. Emerson Quiet Kool Co. Ltd. et al.*, Civil Action No. 4:17-cv-02309 (E.D. Mo.) was filed in August 2017 by Emerson Electric Co.  Defendants are without information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 74 of the Complaint, and therefore deny same.

75.     Defendants deny the allegations set forth in Paragraph 75 of the Complaint.

76.    Paragraph 76 of the Complaint consists of statements, arguments or conclusions of law to which no admission or denial is required.  To the extent a response is required, Defendants are without information sufficient to form a belief as to the allegations set forth in Paragraph 76 of the Complaint, and therefore deny same.

77.    Paragraph 77 of the Complaint consists of statements, arguments or conclusions of law to which no admission or denial is required.  To the extent a response is required, Defendants are without information sufficient to form a belief as to the allegations set forth in Paragraph 77 of the Complaint, and therefore deny same.

78.    Paragraph 78 of the Complaint consists of statements, arguments or conclusions of law to which no admission or denial is required.  To the extent a response is required, Defendants are without information sufficient to form a belief as to the allegations set forth in Paragraph 78 of the Complaint, and therefore deny same.

79.    Paragraph 79 of the Complaint consists of statements, arguments or conclusions of law to which no admission or denial is required.  To the extent a response is required, Defendants admit sales of the EQK-branded products have exceeded $10,000,000 in 2017 alone. Defendants further admit that $200,000 has been spent on advertising and promotion. Defendants deny the remaining allegations set forth in Paragraph 79 of the Complaint.

80.    Paragraph 80 of the Complaint consists of statements, arguments or conclusions of law to which no admission or denial is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 80 of the Complaint.

**Defendants Refuse to Cease Their Harmful Conduct**

81.    Defendants are without information sufficient to form a belief as to the allegations set forth in Paragraph 81 of the Complaint, and therefore deny same.

82.     Defendants admit receipt of a cease and desist letter and deny the remaining allegations in Paragraph 82 of the Complaint, and therefore deny same.

83.     Paragraph 83 of the Complaint consists of statements, arguments or conclusions of law to which no admission or denial is required.   To the extent a response is required, Defendants are without information sufficient to form a belief as to the allegations set forth in Paragraph 83 of the Complaint, and therefore deny same.

84.     Paragraph 84 of the Complaint consists of statements, arguments or conclusions of law to which no admission or denial is required.   To the extent a response is required, Defendants are without information sufficient to form a belief as to the allegations set forth in Paragraph 84 of the Complaint, and therefore deny same.

86.     Defendants refer to the letter referred to in Paragraph 86 of the Complaint, and aver that Mr. Wang did not realize that the complained of use was lawful and within the scope of Defendants' rights.  .

87.     Paragraph 87 of the Complaint consists of statements, arguments or conclusions of law to which no admission or denial is required.   To the extent a response is required, Defendants are without information sufficient to form a belief as to the allegations set forth in Paragraph 87 of the Complaint, and therefore deny same.

88.     Paragraph 88 of the Complaint consists of statements, arguments or conclusions of law to which no admission or denial is required.   To the extent a response is required, Defendants deny the allegations set forth in Paragraph 88 of the Complaint.

89.     Defendants deny the allegations set forth in Paragraph 89 of the Complaint.

**COUNT I**
**TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114**

90.     Defendants repeat and reiterate the responses to the allegations set forth in Paragraphs 1-89 above.

91.     Defendants deny the allegations set forth in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations set forth in Paragraph 92 of the Complaint.

93.     Defendants deny the allegations set forth in Paragraph 93 of the Complaint.

94.     Defendants deny the allegations set forth in Paragraph 94 of the Complaint.

95.     Defendants deny the allegations set forth in Paragraph 95 of the Complaint.

96.     Defendants deny the allegations set forth in Paragraph 96 of the Complaint.

97.     Defendants deny the allegations set forth in Paragraph 97 of the Complaint.

98.     Defendants deny the allegations set forth in Paragraph 98 of the Complaint.

99.     Defendants deny the allegations set forth in Paragraph 99 of the Complaint.

**COUNT II**
**TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE**
**DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)(1)(A)**

100.    Defendants repeat and reiterate the responses to the allegations set forth in Paragraphs 1-99 above.

101.    Defendants deny the allegations set forth in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations set forth in Paragraph 82 of the Complaint.

103.    Defendants deny the allegations set forth in Paragraph 103 of the Complaint.

104.    Defendants deny the allegations set forth in Paragraph 104 of the Complaint.

105.    Defendants deny the allegations set forth in Paragraph 105 of the Complaint.

106.    Defendants deny the allegations set forth in Paragraph 106 of the Complaint.

107.    Defendants deny the allegations set forth in Paragraph 107 of the Complaint.

## COUNT III
## FALSE ADVERTISING UNDER 15 U.S.C § 125(a)(1)(B)

108.   Defendants repeat and reiterate the responses to the allegations set forth in Paragraphs 1-107 above.

109.   Defendants deny the allegations set forth in Paragraph 109 of the Complaint.

110.   Defendants deny the allegations set forth in Paragraph 110 of the Complaint.

111.   Defendants deny the allegations set forth in Paragraph 111 of the Complaint.

112.   Defendants deny the allegations set forth in Paragraph 112 of the Complaint.

113.   Defendants deny the allegations set forth in Paragraph 113 of the Complaint.

114.   Defendants deny the allegations set forth in Paragraph 114 of the Complaint.

115.   Defendants deny the allegations set forth in Paragraph 115 of the Complaint.

116.   Defendants deny the allegations set forth in Paragraph 116 of the Complaint.

117.   Defendants deny the allegations set forth in Paragraph 117 of the Complaint.

118.   Defendants deny the allegations set forth in Paragraph 118 of the Complaint.

## COUNT IV
## VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT, 15 U.S.C. § 1125(d)

119.   Defendants repeat and reiterate the responses to the allegations set forth in Paragraphs 1-118 above.

120.   The website www.emersonquietkool.com speaks for itself.  Defendants deny the remaining allegations set forth in Paragraph 120 of the Complaint.

121.   Defendants deny the allegations set forth in Paragraph 121 of the Complaint.

122.   Defendants are without information sufficient to form a belief as to the allegations set forth in Paragraph 122 of the Complaint, and therefore deny same.

123.   Defendants deny the allegations set forth in Paragraph 123 of the Complaint.

124.    Defendants deny the allegations set forth in Paragraph 124 of the Complaint.

125.    Defendants deny the allegations set forth in Paragraph 125 of the Complaint.

126.    Defendants deny the allegations set forth in Paragraph 126 of the Complaint.

127.    Defendants deny the allegations set forth in Paragraph 127 of the Complaint.

128.    Defendants deny the allegations set forth in Paragraph 128 of the Complaint.

129.    Defendants deny the allegations set forth in Paragraph 129 of the Complaint.

130.    Defendants deny the allegations set forth in Paragraph 130 of the Complaint.

**COUNT V**
**TRADEMARK INFRINGEMENT UNDER N.J. STAT. ANN. § 56:3-13.16**

131.    Defendants repeat and reiterate the responses to the allegations set forth in Paragraphs 1-130 above.

132.    Defendants deny the allegations set forth in Paragraph 132 of the Complaint.

133.    Defendants deny the allegations set forth in Paragraph 133 of the Complaint.

134.    Defendants deny the allegations set forth in Paragraph 134 of the Complaint.

135.    Defendants deny the allegations set forth in Paragraph 135 of the Complaint.

136.    Defendants deny the allegations set forth in Paragraph 136 of the Complaint.

137.    Defendants deny the allegations set forth in Paragraph 137 of the Complaint.

138.    Defendants deny the allegations set forth in Paragraph 138 of the Complaint.

**COUNT VI**
**STATE TRADEMARK DILUTION UNDER N.J. STAT. ANN. § 56:13-20**

139.    Defendants repeats and reiterates the responses to the allegations set forth in Paragraphs 1-138 above.

140.    Defendants deny the allegations set forth in Paragraph 140 of the Complaint.

141.    Defendants deny the allegations set forth in Paragraph 141 of the Complaint.

142.    Defendants deny the allegations set forth in Paragraph 142 of the Complaint.

143.    Defendants deny the allegations set forth in Paragraph 143 of the Complaint.

## COUNT VII
## FALSE DESIGNATION OF ORIGIN UNDER N.J. STAT. ANN. §56:8-2

144.    Defendants repeats and reiterates the responses to the allegations set forth in Paragraphs 1-143 above.

145.    Defendants deny the allegations set forth in Paragraph 145 of the Complaint.

146.    Defendants deny the allegations set forth in Paragraph 146 of the Complaint.

147.    Defendants deny the allegations set forth in Paragraph 147 of the Complaint.

148.    Defendants deny the allegations set forth in Paragraph 148 of the Complaint.

149.    Defendants deny the allegations set forth in Paragraph 149 of the Complaint.

150.    Defendants deny the allegations set forth in Paragraph 150 of the Complaint.

151.    Defendants deny the allegations set forth in Paragraph 151 of the Complaint.

## COUNT VIII
## TRADEMARK INFRINGEMENT UNDER NEW JERSEY COMMON LAW

152.    Defendants repeat and reiterate the responses to the allegations set forth in Paragraphs 1-151 above.

153.    Defendants deny the allegations set forth in Paragraph 153 of the Complaint.

154.    Defendants deny the allegations set forth in Paragraph 154 of the Complaint.

155.    Defendants deny the allegations set forth in Paragraph 155 of the Complaint.

156.    Defendants deny the allegations set forth in Paragraph 156 of the Complaint.

157.    Defendants deny the allegations set forth in Paragraph 157 of the Complaint.

158.    Defendants deny the allegations set forth in Paragraph 158 of the Complaint.

159.    Defendants deny the allegations set forth in Paragraph 159 of the Complaint.

## COUNT IX
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER NEW JERSEY COMMON LAW

160.    Defendants repeat and reiterate the responses to the allegations set forth in Paragraphs 1-159 above.

161.    Defendants deny the allegations set forth in Paragraph 161 of the Complaint.

162.    Defendants deny the allegations set forth in Paragraph 162 of the Complaint.

163.    Defendants deny the allegations set forth in Paragraph 163 of the Complaint.

164.    Defendants deny the allegations set forth in Paragraph 164 of the Complaint.

165.    Defendants deny the allegations set forth in Paragraph 165 of the Complaint.

166.    Defendants deny the allegations set forth in Paragraph 166 of the Complaint.

## COUNT X
## CANCELLATION OF REGISTRATION NO. 4,688,893

167.    Defendants repeat and reiterate the responses to the allegations set forth in Paragraphs 1-166 above.

168.    Defendants deny the legal sufficiency of Plaintiff claims and allegations set forth in Paragraph 168 of the Complaint.

169.    Defendants are without information sufficient to form a belief as to the allegations set forth in Paragraph 169 of the Complaint, and therefore deny same.

170.    Defendants deny the allegations set forth in Paragraph 170 of the Complaint.

171.    Defendants deny the allegations set forth in Paragraph 171 of the Complaint.

172.    Defendants deny the allegations set forth in Paragraph 172 of the Complaint.

173.    Defendants deny the allegations set forth in Paragraph 173 of the Complaint.

174.    Defendants deny the allegations set forth in Paragraph 174 of the Complaint.

175.    Defendants deny the allegations set forth in Paragraph 175 of the Complaint.

176.   Defendants deny the allegations set forth in Paragraph 176 of the Complaint.

177.   Defendants deny the allegations set forth in Paragraph 177 of the Complaint.

178.   Defendants deny the allegations set forth in Paragraph 178 of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Defendants demand judgment dismissing the Complaint, for costs and fees, including statutory attorneys' fees, and for such other and further relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

Defendants asserts the following affirmative defenses and reserves the right to amend its Answer as additional information becomes available.  Defendants further reserves the right to rely upon and plead additional defenses that may be revealed or discovered throughout the pendency of this case.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

180.   The Complaint, on one or more counts set forth therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Laches)

181.   Plaintiff's claims are barred, in whole or in part, by laches, in that Plaintiff has unreasonably delayed efforts to enforce its rights, if any.

## THIRD AFFIRMATIVE DEFENSE
### (Statute of Limitations)

182.   Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE
### (Non-Infringement)

183.    Defendants have not infringed any applicable trademarks under federal or state law.

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver, Acquiescence, Consent, and Estoppel)

184.    Each of Plaintiff's claims set forth in the Complaint is barred by the doctrines of waiver, acquiescence, consent, and estoppel.

## SIXTH AFFIRMATIVE DEFENSE
### (Lack of Secondary Meaning)

185.    Plaintiff's claims are barred, in whole or in part, on the basis that some or all marks at issue lack secondary meaning.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Damages)

186.    Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant in the Complaint and the relief prayed for in the Complaint cannot be granted.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

187.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE
### (Lack of Irreparable Harm)

188.    Plaintiff's claims for injunctive relief are barred, in whole or in part, because Plaintiff cannot show that it will suffer any irreparable harm.

## TENTH AFFIRMATIVE DEFENSE
### (Adequacy of Remedy at Law)

189.   The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages.   Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Good Faith)

190.   Any conduct engaged in by Defendants was done so in good faith.

## TWELFTH AFFIRMATIVE DEFENSE
### (Misuse of Trademark)

191.   Plaintiff's claims are barred to the extent that Plaintiff has misrepresented the scope and nature of its trademark rights or asserts its trademark rights in an improper manner to suppress lawful competition.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction)

192.   This Court lacks subject matter jurisdiction in whole or in part over the claims asserted by Plaintiff against the Defendants.

## COUNTERCLAIMS

Counterclaim Plaintiff HOME EASY. LTD. and EMERSON QUIET KOOL CO. LTD. ("Counterclaim Plaintiffs" or "Defendants"), by way of Counterclaim against Counterclaim Defendant EMERSON RADIO CORPORATION ("Counterclaim Defendant" or "Emerson Radio"), allege as follows:

## THE PARTIES

1.   Counterclaim Plaintiff Home Easy is a Delaware corporation having its principal place of business at 1275 Bloomfield Avenue, Unit 141, Building 16, Fairfield, New Jersey

07004.    Home Easy imports and distributes air conditioners and humidifiers under the EMERSON QUIET KOOL trademark.

2.      Counterclaim Plaintiff Emerson Quiet Kool Co. Ltd. (EQK) is a Delaware corporation having its principal place of business at 1275 Bloomfield Avenue, Unit 141, Building 16, Fairfield, New Jersey 07004.  EQK is the owner of the EMERSON QUIET KOOL trademark registered on the principal register of the United States Patent and Trademark Office (USPTO), Certificate No. 4,688,893.

3.      Counterclaim Defendant Emerson Radio is a Delaware corporation having its principal place of business at 3 University Plaza, Suite 405, Hackensack, New Jersey 07601. Upon information and belief, Emerson Radio the successor to National Union Electric Corp. and Major electronics Corp.

## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a), as they involve substantial claims arising under the Lanham Act.

5.      The Court has subject matter jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(a), as they are related to and arise from the same set of facts as Counterclaim Plaintiff's claims.

6.      This Court has personal jurisdiction over Counterclaim Defendant at least because (a) upon information and belief, Counterclaim Defendant has its principal place of business in this District and (b) Counterclaim Defendant has subjected itself to the jurisdiction of this Court in this case by filing the Complaint.

7.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c).

## BACKGROUND

8.      Emerson Quiet Kool Co. Ltd., formerly known as American Ductless AC Corp., owns the rights to U.S. Trademark Reg. No. 4,688,893 for EMERSON QUIET KOOL and all of the goodwill associated with the EMERSON QUIET KOOL.  The mark was registered on the principal register in International Class 011 for "portable compact residential window and wall room air conditioning units  A true and correct copy of the Registration Certification and United States Patent and Trademark Office Status Page is attached hereto as Exhibit A.

9.      Emerson Quiet Kool Co. Ltd., formerly known as American Ductless AC Corp., acquired the rights to U.S. Trademark Reg. No. 4,688,893 by assignment from Elco Holland BV.

**Development of the EMERSON QUIET KOOL Brand**

10.      Upon information and belief, in 1953 Emerson Radio and Phonograph Corp. purchased Quiet Heet Corp., the original manufacturer of "Quiet Kool" products.

11.      Upon information and belief, in 1965 National Union Electric Corp. ("National Union") merged with Emerson Radio and Phonograph Corp.

12.      Upon information and belief, on August 7, 1975 National Union filed for the "QUIET KOOL" mark in International Class 011 for "air conditioning units," citing a date of first use at least as early as 1949.  The mark registered as U.S. Trademark Reg. No. 1,056.540.

13.      Upon information and belief, Emerson Radio and Phonograph Corp. changed its name to Emerson Radio Corp. in 1977.

14.      Upon information and belief, on November 21, 1977 National Union filed for the "EMERSON QUIET KOOL" mark in International Class 011 for "air conditioning units", citing a date of first use at least as early as 1949.  The mark registered as U.S. Trademark Reg. No. 1,119,176.

15.     On or about September 30, 1983, National Union assigned the EMERSON QUIET KOOL mark, U.S. Trademark Reg. No. 1119176, and the QUIET KOOL mark, U.S. Trademark Reg. No. 1056540, to Emerson Quiet Kool Corporation.

16.     Upon information and belief, Emerson Quiet Kool Corporation registered "EMERSON QUIET KOOL", U.S. Trademark Reg. No. 1612846, in International Class 011 for "dehumidifiers", citing a date of first use at least as early as 1980.  A true and correct copy of the United States Patent and Trademark Office status page is attached hereto as Exhibit E.

17.     Upon information and belief, the EMERSON QUIET KOOL, U.S. Trademark Reg. No. 1119176, was assigned several times and ultimately cancelled on June 23, 2010 for failure by then-owner Fedders North America, Inc. to renew the mark.

18.     Airwell Hong Kong Technologies Limited Airwell filed a trademark application for "EMERSON QUIET KOOL" on March 1, 2010 on an intent-to-use basis for "Portable compact residential window and wall room air conditioning units."  The application registered on February 17, 2015 as U.S. Trademark Reg. No. 4688893 and claimed a date of first use at least as early as November 5, 2014.

19.     Emerson Quiet Kool Co. Ltd.'s predecessors-in-interest continuously used the EMERSON QUIET KOOL marks and the QUIET KOOL marks in commerce in the United States.

20.     Counterclaim Defendant entered into at least one agreement with Emerson Quiet Kool Co. Ltd.'s predecessors-in-interest whereby Counterclaim Defendant agreed to and/or consented to use of the EMERSON QUIET KOOL marks by Emerson Quiet Kool Co. Ltd.'s predecessors-in-interest.

21.     Counterclaim Defendant and Emerson Quiet Kool Co. Ltd.'s predecessors-in-interest coexisted for decades.

23

22.     Emerson Quiet Kool Co. Ltd.'s predecessors-in-interest did not abandon the EMERSON QUIET KOOL marks and the QUIET KOOL marks.

23.     Emerson Quiet Kool Co. Ltd.'s is the successor-in-interest to all rights in the EMERSON QUIET KOOL and QUIET KOOL marks.

24.     After acquiring the EMERSON QUIET KOOL marks, Emerson Quiet Kool Co. Ltd.'s authorized Counterclaim Plaintiff Home Easy Ltd. to manufacture and distribute the EMERSON QUIET KOOL branded air conditioners and dehumidifiers.

25.     On July 21, 2017 Counterclaim Defendant filed the instant action against Counterclaim Plaintiff Home Easy Ltd. and Emerson Quiet Kool Co. Ltd. alleging, *inter alia*, federal, state and common law infringement, unfair competition, and false advertising.

26.     On the same day, July 21, 2017 Counterclaim Defendant filed a petition for cancellation of U.S. Trademark Reg. No. 4688893 before the United States Trademark Trial and Appeal Board.  A true and correct copy of the petition is attached hereto as Exhibit F.

27.     Counterclaim Defendant filed a Certification pursuant to Local Civil Rule 11.2 stating "I certify that the matter in controversy between the parties is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding." on July 21, 2017 despite filing its petition for cancellation that same day.

28.     Counterclaim Defendant's allegations have and will continue to impede and interfere with Counterclaim Plaintiff's legitimate business operations.  Counterclaim Plaintiff is suffering and will suffer actual harm and injury as a result of Counterclaim Defendant's conduct and allegations.

## <u>FIRST CLAIM FOR RELIEF</u>
### (Declaratory Judgment of Non-Infringement of Trademark)

29.     Counterclaim Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 through 29 herein.

30.     A real and actual dispute, case, and/or controversy exists between the Parties as to the respective rights of the Parties.

31.     Without declaratory relief, Counterclaim Plaintiff will be irreparably harmed and damaged.

32.     Counterclaim Plaintiffs are entitled to a judgment declaring that its past, continued, and future use of the EMERSON QUIET KOOL marks is not likely to cause confusion, mistake, or deception as to the source, association, or affiliation of the Parties' respective trademarks, products, goods, services, or businesses under the Lanham Act or under the common law or statutes of any State.

## <u>SECOND CLAIM FOR RELIEF</u>
### (Declaratory Judgment of Non-Infringement of No Unfair Competition)

33.     Counterclaim Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 through 33 herein.

34.     A real and actual dispute, case, and/or controversy exists between the Parties as to the respective rights of the Parties.

35.     Without declaratory relief, Counterclaim Plaintiff will be irreparably harmed and damaged.

36.     Counterclaim Plaintiff is entitled to a judgment declaring that its past, continued, and future use of the EMERSON QUIET KOOL marks is not likely to cause confusion, mistake, or deception as to the source, association, or affiliation of the Parties' respective trademarks,

products, goods, services, or businesses and does not unfairly compete with Counterclaim Defendant under the Lanham Act or under the common law or statutes of any State.

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement of No False Designation of Origin)

37.     Counterclaim Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 through 38 herein.

38.     A real and actual dispute, case, and/or controversy exists between the Parties as to the respective rights of the Parties.

39.     Without declaratory relief, Counterclaim Plaintiff will be irreparably harmed and damaged.

40.     Counterclaim Plaintiff is entitled to a judgment declaring that its past, continued, and future use of the EMERSON QUIET KOOL marks is not likely to cause confusion, mistake, or deception as to the source, association, or affiliation of the Parties' respective trademarks, products, goods, services, or businesses and does not constitute a false designation of origin under the Lanham Act or under the common law or statutes of any State.

## FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement of No False Advertising)

41.     Counterclaim Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 through 41 herein.

42.     Counterclaim Defendant contends that Counterclaim Plaintiff has falsely advertised and is falsely advertising under the Lanham Act.

43.     Counterclaim Plaintiff has not falsely advertised and is not falsely advertising under the Lanham Act.

44.     A real and actual dispute, case, and/or controversy exists between the Parties as to whether Counterclaim Plaintiff is falsely advertising.

45.     Without declaratory relief, Counterclaim Plaintiff will be irreparably harmed and damaged.

46.     Counterclaim Plaintiff is entitled to a judgment declaring that Counterclaim Plaintiff has not falsely advertised and is not falsely advertising under the Lanham Act.

### FIFTH CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Dilution of Trademark)

47.     Counterclaim Plaintiff realleges and incorporates the allegations set forth in Paragraphs 1 through 47 herein.

48.     A real and actual dispute, case, and/or controversy exists between the Parties as to the respective rights of the Parties.

49.     Without declaratory relief, Counterclaim Plaintiff will be irreparably harmed and damaged.

50.     Counterclaim Plaintiff is entitled to a judgment declaring that its past, continued, and future use of the EMERSON QUIET KOOL marks is not likely to cause dilution under the Lanham Act or under the common law or statutes of any State.

### PRAYER FOR RELIEF

WHEREFORE, Counterclaim Defendants Emerson Quiet Kool Co. and Home Easy Ltd. pray that the Court enter judgment against Counterclaim Defendant Emerson Radio as follows:

A.     Defendant's past, present, and continued use and registration of the EMERSON QUIET KOOL marks in connection with air conditioners and dehumidifiers does not and will not infringe any of Emerson Radio's trademark rights, or compete unfairly with Emerson Radio,

or falsely designate the origin of Defendants' products or services, or otherwise constitute a violation of Counterclaim Defendant's rights;

B.      Counterclaim Defendant, its affiliates, officers, agents, servants, employees, attorneys, representatives, distributors, licenses, and all persons in active concert or participation with them, be permanently enjoined and restrained from instituting, prosecuting, interfering with, or otherwise threatening any action against Counterclaim Plaintiffs, their affiliates, or anyone in privity with them, with respect to EQK's use and registration of the EMERSON QUIET KOOL marks in connection with air conditioners and dehumidifiers.

C.      That this action be deemed exceptional and that Home Easy be awarded its reasonable attorneys' fees and costs; and

D.      Any other such relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Counterclaim Plaintiff demands a trial by jury of all issues properly triable to a jury in this action.

Dated: March 27, 2018

      /s/ *Jay R. McDaniel.*    
Jay R. McDaniel, Eq.
Attorney ID No.: 011481992
Clark E. Alpert, Esq.
NJ Attorney ID No.:  025311978
**WEINER LAW GROUP LLP**
629 Parsippany Road
Parsippany, New Jersey 07054
(973) 403-1100/Fax: (973) 403-0010
calpert@weiner.law
Attorneys for Defendants Emerson Quiet
Kool Co. Ltd. and Home Easy Ltd.

## <u>CERTIFICATION OF SERVICE</u>

On March 27, 2018, a copy of the foregoing Answer to First amended Complaint and

Counterclaim was served on all counsel of record via ECF.

Dated: March 27, 2018                     /s/ *Jay R. McDaniel.*
                                          Jay R. McDaniel