# Exhibit C

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EMERSON ELECTRIC CO., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 17-1846-LPS-JLH ) |
| EMERSON QUIET KOOL CO. LTD., and HOME EASY LTD., | ) **REDACTED -** ) **PUBLIC VERSION** ) |
| Defendants. | ) ) |

## LETTER TO THE HONORABLE JENNIFER L. HALL FROM ADAM W. POFF

Dated: September 11, 2020

OF COUNSEL:
George D. Moustakas
Lisa M. DuRoss
HARNESS, DICKEY & PIERCE, PLC
5445 Corporate Drive, Suite 200
Troy, MI 48098
(248) 641-1600
mbrennan@hdp.com
gdmoustakas@hdp.com
lduross@hdp.com

Joel R. Samuels
HARNESS, DICKEY & PIERCE, PLC
7700 Bonhomme, Suite 400
Clayton, MO 63105
(314) 726-7509
jsamuels@hdp.com

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Adam W. Poff (No. 3990)
Robert M. Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
302-571-6600
apoff@ycst.com
rvrana@ycst.com

*Attorneys for Plaintiff*



WILMINGTON
RODNEY SQUARE

NEW YORK
ROCKEFELLER CENTER

**Adam W. Poff**
P 302.571.6642
F 302.576.3326
apoff@ycst.com

September 11, 2020

**Via ECF Filing**
The Honorable Jennifer L. Hall
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

**REDACTED - PUBLIC VERSION**

Re: *Emerson Electric Co. v. Emerson Quiet Kool Co. Ltd. and Home Easy Ltd.,* No. 17-cv-01846-LPS-JLH, D. Del.

Dear Judge Hall,

We write on behalf of Plaintiff Emerson Electric Co. ("Emerson Electric") to defend the common interest privilege ("the Privilege") that the United States District Court for the District of New Jersey confirmed, under identical facts and judicial support as presented here, in a suit brought against these Defendants.[1] In the New Jersey action, Judge Kiel, having considered the same arguments Defendants make here, denied Defendants' motion to compel, ruling "that [Emerson Radio] and Emerson Electric Co. share a common interest in preventing actual or likely confusion by the alleged improper actions of defendants, and therefore, the Privilege applies." Ex. 1. Defendants' attempt at a second bite at the proverbial apple must fail.

Emerson Radio Corp. ("Emerson Radio"), the plaintiff in the New Jersey suit, and Emerson Electric each seek redress for Defendants' infringing use of the mark EMERSON QUIET KOOL. Emerson Electric and Emerson Radio share a common legal interest in stopping Defendants' infringement and entered into a Common Interest Agreement. Ex. 2. Communications shared pursuant to the Common Interest Agreement are the subject of Defendants' motion to compel. Those communications are protected under both the Privilege and the work product doctrine.

Defendants contend that two rights holders seeking to enjoin the same conduct by the same defendants is somehow improper. Defendants offer no substantiation for their claim, nor any justification for setting aside the Privilege. Defendants seek readjudication here of the New Jersey court's recognition of the Privilege based on the same arguments and law. Ex. 3. As noted above, Judge Kiel denied Defendants' motion to compel, ruling "that [Emerson Radio] and Emerson Electric Co. share a common interest in preventing actual or likely confusion by the alleged improper actions of defendants, and therefore, the Privilege applies." Ex. 1. Judge Kiel directed Emerson Radio to prepare and submit a privilege log "setting forth all documents

---

[1] *Emerson Radio Corp. v. Emerson Quiet Kool Co. Ltd. and Home Easy Ltd.*, No. 2:17-cv-05358-SDW-LDW (D. N.J.).

withheld from production based on the Privilege." *Id.* Defendants *did not* seek reconsideration of Judge Kiel's order and instead ask this Court to reach a different result.

Emerson Electric and Emerson Radio each use, and own federal registrations for, marks consisting or comprising EMERSON for different types of goods. For almost a century, Emerson Electric and Emerson Radio have reached agreements regarding their use and registration of their respective EMERSON marks, and safeguarding against third-party unauthorized use. In 2004, Emerson Electric and Emerson Radio executed a General Trademark Agreement, which ███

███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
█████████████ The Common Interest Agreement ███████████████
███████████████████████████████████████████████████████████

███████████████████████ The documents at issue were all exchanged in furtherance of the common legal interest – prosecuting trademark infringement claims and stopping Defendants' infringing use. *See Major League Baseball Properties, Inc. v. Salvino, Inc.*, No. 00 CIV.2855 JCF, 2003 WL 21983801, at *1 (S.D.N.Y. Aug. 20, 2003) (upholding common interest privilege over communications regarding enforcement of trademark rights).

The common interest privilege "protects communications between clients and attorneys allied in a common legal cause" *AgroFresh Inc. v. Essentiv LLC*, No. CV 16-662 (MN), 2019 WL 4917894, at *2 (D. Del. Oct. 4, 2019)(citations removed). The privilege "allows attorneys representing different clients with similar legal interests to share information without having to disclose it to others. *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 364 (3d Cir. 2007), *as amended* (Oct. 12, 2007).[3] The parties' legal interests need only be "substantially similar," not identical. *Teleglobe,* 493 F.3d at 365; *Louisiana Mun. Police Retirement System v. Sealed Air Corp.*, 253 F.R.D. 300, 310 (D. N.J. 2008)("The interests of the parties need not be identical, any may even be adverse in some respects")(citations removed).

Defendants assert that it is "antithetical" to apply the Privilege because Emerson Electric and Emerson Radio are separate companies with separate trademark rights and therefore have "purely a commercial interest" in stopping Defendants' infringement. This does not make sense. The Privilege is designed to protect communications between unrelated companies. The Privilege applies even if the parties have different interests and does not require an identical legal strategy. *Louisiana*, 253 F.R.D. 309-11. Moreover, Defendants do not explain how Emerson Electric and Emerson Radio have "purely a commercial interest" in stopping Defendant's infringement.[4]

---

[2] The Common Interest Agreement ████████████████████████████████.

[3] Defendants arguments regarding use of the term "joint defense" is meritless. The terms "common interest," "community of interest" and "joint defense" are "used interchangeably." *McLane Foodservice, Inc. v. Ready Pac Produce, Inc.,* No. CIV. 10-6076 RMB/JS, 2012 WL 1981559, at *1 (D.N.J. June 1, 2012).

[4] Nevertheless, "the fact there may be an overlap of commercial and legal interests ... does not

2

Further, although Emerson Electric and Emerson Radio use different EMERSON marks on different products, this does not preclude a shared *legal* interest in protecting their respective trademarks against Defendants infringement.

Defendants cite the fact that there are two suits as justifying their assertion that Emerson Electric and Emerson Radio are "colluding" with each other "presumably to drive Defendants out of business."[5] Defendants lack any basis for this speculation, and the fact that both parties exercise their First Amendment right to assert their respective trademark rights is not a basis to conclude that the common interest does not apply.[6] Quite simply, there is nothing improper about both entities holding Defendants accountable for their unlawful conduct.

Finally, the documents at issue are also designated as attorney work-product. Defendants bear the burden of establishing that a "substantial need" for the documents and/or a waiver of the privilege. *See* FRCP 26(3)(A)(ii); *Louisiana*, 253 F.R.D. at 311 ("The burden of establishing waiver of the work product doctrine falls on. . . the party seeking to establish waiver"). Defendants do not address the work-product designation and have not articulated any need for these documents or any harm that would result from non-disclosure.[7] Defendants' protests of "collusion" are not tied to any recognized legal theory, and, do not justify overriding the work-product designation.

Emerson Electric requests this Court adopt Judge Kiel's approach recognizing that Emerson Electric and Emerson Radio share a common legal interest in stopping Defendants' infringement and upholding the Privilege. Emerson Electric has provided a privilege log[8] identifying the documents withheld on the basis of the Privilege, consistent with the ruling in the New Jersey case. Adopting the same approach here serves the interest of judicial consistency and conserves judicial resources by avoiding an *in camera* review.[9] Defendants have failed to meet their burden demonstrating that production of privileged information is necessary and/or that the common interest privilege does not apply. Defendants' motion should be denied.

---

negate the effect of the legal interests in establishing a community of interest." *MobileMedia Ideas LLC v. Apple Inc.*, 890 F. Supp. 2d 508, 515 (D. Del. 2012)(citations removed).

[5] By Defendants' logic, the mere formation of a joint defense group, which is common in cases before the Court, would seemingly be an act of improper collusion.

[6] Defendants question "why the two parties chose to file two separate cases," however, Defendants have not raised a joinder issue in either case. Emerson Electric submits joinder is improper because both parties have separate claims based on their respective rights.

[7] Defendants' failure to challenge Judge Kiel's order suggests a lack of substantial need for the documents at issue.

[8] Defendants raise alleged inconsistencies in the documents reflected on Emerson Electric's and Emerson Radio's respective privilege logs. Yet, any inconsistencies do not warrant a finding of no community of interest. Moreover, the differences undercut Defendants' claim of "collusion"- if Emerson Electric and Emerson Radio were "colluding," one would expect identical logs.

[9] Judge Kiel considered briefing and oral argument, but did not review the documents *in camera*.

        Sincerely,

        */s/ Adam W. Poff*

        Adam W. Poff (No. 3990)

cc:  All counsel of record (by email)