

**John D. Simmons**
(302) 394-6001/fax: (215) 965-1331
jsimmons@panitchlaw.com

May 20, 2021

<u>VIA CM/ECF</u>
The Honorable Leonard P. Stark
United States District Court
  For the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

   Re: *Emerson Radio Corp. v. Emerson Quiet Kool Co. Ltd. and Home Easy Ltd.*,
     Civil Acton No. 20-cv-01652-LPS (D. Del.)

Dear Judge Stark:

We write on behalf of Defendants in the matter captioned above to seek leave of the Court to
serve a *de bene esse* deposition subpoena on Emerson Electric Co., pursuant to the Court's Order
scheduling a teleconference (D.I. 157). The subpoena will seek testimony to introduce at trial in
this case regarding issues that are plainly relevant. Plaintiff Emerson Radio Corp. opposes this
request.

Emerson Electric Co.'s corporate representative is already scheduled to testify at a deposition in
its co-pending case on May 27, 2021. Defendants file this letter early and invite Plaintiff to file
its response early so that the Court has the opportunity to decide the issue prior to that
deposition, if it chooses. If the Court does so, the desired 15-30 minutes of testimony can be
elicited on May 27 and Emerson Electric's representative does not need to be called back for a
second deposition. Defendants have already advised counsel for both Emerson Electric and
Emerson Radio that it would be less burdensome on Emerson Electric's witness if the
subpoenaed deposition could take place at the same time. See Ex. A.

As the Court is aware, this is one of two highly similar cases brought by parties claiming to be
"Emerson" over Defendants' use of the trademark EMERSON QUIET KOOL. Plaintiff's
refusal to consent to the subpoena is its latest effort to mislead the jury into thinking it is the only
"Emerson" in the market. The Court previously expressed "concern" over the possibility that in
these two cases, "the two different juries [may be] given an inaccurate view of what each
plaintiff's intellectual property rights in the [asserted] mark are." Exhibit B, at 47:10-16. The
Court also noted that relevant evidence in each case includes evidence of how the opposite
Plaintiff "uses the mark and [] the channels it is marketing and advertising…." *Id.*, at 48:8-10.

That is exactly what Defendants seek to depose Emerson Electric about and introduce at trial in
this case. Defendants informed Emerson Radio on May 3 that the topics for introduction at trial
in this case would be limited:



>    1. Emerson Electric Co.'s and Emerson Radio Corp.'s 1991 and 2004 General Trademark Agreements and each party's obligations under those Agreements.
>
>    2. The existence of the Common Interest Agreement between Emerson Electric Co. and Emerson Radio Corp.; Emerson Electric Co's and Emerson Radio Corp.'s knowledge of their respective lawsuits against Defendants; and knowledge of the fact that Emerson Electric Co. and Emerson Radio Corp. are communicating with each other regarding these lawsuits under the Common Interest Agreement.

Testimony on these topics is undoubtedly relevant in both cases and Emerson Radio has not claimed otherwise. Emerson Radio is aware that it will be subpoenaed to testify about the same topics at trial in the Emerson Electric case. However, because Emerson Electric is not within 100 miles of this District, Defendants must obtain this testimony by *de bene esse* deposition.

Emerson Radio's only objection is that discovery in its case is closed. That may be true, but Defendants are not seeking the deposition for discovery purposes; rather, it will merely be less than 30 minutes of testimony for introduction at trial. That discovery is closed here is a formality – summary judgment motions are not due for two more months and trial is scheduled for January 10, 2021. Taking the deposition testimony will not delay any actions in this case, Emerson Radio will not be prejudiced in any way, and discovery in the Emerson Electric case is still open and its corporate representative is already scheduled for deposition, so there should be no added burden on any party to permit the subpoena.

This Court previously granted leave to take *de bene esse* depositions in a case identical to this one in all material respects. The Court weighed three factors: "the unavailability of the witness to appear at trial; whether the deposing party knew of the information the potential witness would testify to prior to the deposition; and whether the opposing party will be prejudiced by granting the deposition - with special attention given to the question of prejudice." *Coface Collections N. Am., Inc. v. Newton*, No. 11-52-LPS, 2012 U.S. Dist. LEXIS 182591, at *4 (D. Del. Dec. 28, 2012).

Like in *Coface*, the Emerson Electric witness here is unavailable for trial because EE is outside the Court's 100-mile subpoena power. Also like in *Coface*, ER knows exactly what testimony Defendants seek to elicit – Defendants sent the list of topics above to ER for exactly that purpose. And like in *Coface*, ER will not be prejudiced because it will be in the same position it would have been in had EE sent a witness to testify at trial. Also, just like in *Coface*, trial here is at least "several months away." *Id*., at *5. For these reasons, there is no basis for ER to oppose the taking of the requested deposition and the introduction of the testimony at trial in this case.

>    Respectfully submitted,
>    */s/ John D. Simmons*
>    John D. Simmons (No. 5996)
>    *Counsel for Defendants*