# STEVENS & LEE

### LAWYERS & CONSULTANTS

919 North Market Street, Suite 1300
Wilmington, DE 19801
(302) 654-5180 Fax (302) 654-5181
www.stevenslee.com

| | |
|---|---|
| Direct Dial: | (302) 425-3306 |
| Email: | sasc@stevenslee.com |
| Direct Fax: | (610) 988-0812 |

May 24, 2021

**VIA ECF**

The Honorable Leonard P. Stark, U.S.D.J.
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

Re:     *Emerson Radio Corp. v. Emerson Quiet Kool Co. Ltd. and Home Easy Ltd.,*
        Civil Acton No. 20-cv-01652-LPS (D. Del.)

Dear Judge Stark:

We, along with Orrick Herrington & Sutcliffe, LLP, are counsel for Plaintiff Emerson Radio Corporation ("Emerson Radio") and write opposing Defendants Emerson Quiet Kool Co. Ltd. and Home Easy Ltd.'s (collectively, "Defendants") May 20, 2021 letter requesting leave to take a purported "*de bene esse* deposition" of third-party Emerson Electric Co. ("Emerson Electric") after the close of discovery [D.E. 158]. Defendants' request should be denied because: (1) it is not a proper *de bene esse* deposition to preserve known testimony, but rather is a discovery deposition to learn *new* testimony; (2) Defendants have no good cause to seek new discovery because they were not diligent and opted not to pursue this very deposition during the discovery period; and (3) the prejudice to Emerson Radio in granting this request is outweighed by any benefit.

"Parties do not have a right to take depositions after the close of discovery, and it is within the discretion of this Court to deny a party's request to take a deposition in such a case." *Brugh v. Mount Aloysius College*, 2019 WL 7505743 at *2 (W.D. Pa. Nov. 12, 2019). "While discovery depositions and trial depositions are often taken for different purposes, the Federal Rules of Civil Procedure make no distinction between the two." *Id.* Critically, parties who make the tactical decision "not to take a deposition during the discovery period take the risk that they will be unable to present the testimony if the witness becomes unavailable at trial." *Id.* Nevertheless, some courts, such as the case cited by Defendants, "have recognized such a distinction and held that the latter (i.e., *de bene esse* depositions, 'preservations depositions,' or 'trial depositions') may be taken after the close of discovery." *Coface Collections N. Am. Inc. v. Newton*, 2012 WL 6738391 at *3 (D. Del. Dec. 28, 2012). But merely labeling a deposition request as "*de bene esse*" does not make it so. Instead, as evident from underlying cases cited in *Coface*, "[w]hen a party opposes a trial deposition scheduled for after the close of discovery, the court must assess whether the

Allentown  •  Bergen County  •  Bala Cynwyd  •  Cleveland  •  Fort Lauderdale  •  Harrisburg  •  Lancaster  •  New York
Philadelphia  •  Princeton  •  Reading  •  Rochester  •  Scranton  •  Valley Forge  •  Wilkes-Barre  •  Wilmington
A PROFESSIONAL CORPORATION

SL1 1695806v3 115478.00002

The Honorable Leonard P. Stark
May 24, 2021
Page 2

deposition is being taken for the purposes of preserving testimony or whether it is a pretext for the party's failure to procure the deposition during the discovery period." *Bamcor LLC v. Jupiter Aluminum Corp.*, 2010 WL 4955545 at *1 (N.D. Ind. Nov. 29, 2010) (citing *Charles v. Wade*, 665 F.2d 661, 664-65 (5th Cir. 1982) (cited in *Coface*, 2012 WL 6738391 at *3)).

Unlike in *Coface*, and contrary to their contentions, Defendants are not seeking to depose a cooperative witness (*i.e.*, their own) merely to preserve previously discovered testimony to make it admissible for trial. Instead, Defendants are seeking to depose a hostile third-party witness from Emerson Electric to discover new testimony for the first time 14 months after the period for such fact discovery has closed under the scheduling order. [D.E. 98 at ¶ 7]. That Defendants "sent the list of topics" so that Emerson Radio "knows exactly what testimony Defendants seek to elicit" [D.E. 158 at 2] misses the point. Defendants do not know the substance of Emerson Electric's testimony any more than Emerson Radio does. Thus, Defendants request is really a request to re-open fact discovery masquerading as one for a "*de bene esse*" deposition.

As a request to re-open fact discovery, Defendants must satisfy the good cause standard of Fed. R. Civ. P. 16(b), which requires Defendants to show "that a more diligent pursuit of discovery was impossible." *In re ChanBond, LLC, Pat. Litig.*, 2021 WL 1521759 at *1 (D. Del. Apr. 16, 2021). Defendants have not – and cannot – show the required diligence. Defendants have been aware of Emerson Electric and its coexistence agreements with Emerson Radio since the inception of the case. Indeed, both were disclosed in Emerson Radio's initial 2017 complaint. [D.E. 1 at ¶ 60 ("In addition, Emerson Radio and Emerson Electric have long-standing agreements about use of their respective marks which operate to minimize any consumer confusion[.]")].[1] Likewise, Defendants have been aware of their apparent desire to conduct this discovery from Emerson Electric since at least October 18, 2019, when Defendants issued – but simply chose not to pursue – a subpoena to Emerson Electric on deposition topics very similar to those sought now. (*Compare* **Exhibit 1** *with* the topics appearing on D.E. 158 at 2). Similar attempts to take previously foregone fact depositions after the close of discovery under the guise of "*de bene esse*" have been denied. *E.g.*, *Bamcor LLC*, 2010 WL 4955545 at *2 ("[Movant] cannot now disguise its need to conduct further discovery as a request to take a trial deposition and expect the court to turn a blind eye to its recent failure to conduct a discovery deposition of the same witness."); *Brugh*, 2019 WL 7505743 at *2 ("parties who decide not to take a deposition during the discovery period take the risk that they will be unable to present the testimony if the witness becomes unavailable at trial"); *George v. Ford Motor Co.*, 2007 WL 2398806 at *12 (S.D.N.Y. Aug. 17, 2007) ("This is not a case in which the need to depose the witness results from the need to preserve testimony that the witness would otherwise have given at trial, based on unforeseen events arising after the close of discovery. [Movants] had every opportunity to seek the deposition of [deponent] by seeking enforcement of a subpoena in the appropriate district under Rule 45(a)(2)(B) during the discovery period. Such a deposition would then have been available for use at trial. [Movants] instead made a strategic decision not to do so, but instead to seek to depose [deponent] in a similar litigation in New Jersey, and then to offer that deposition into evidence in this case[.]").

---

[1] Defendants' feigned surprise that EMERSON is the trademark on which Emerson Radio has brought suit is similarly belied by the very first filing in this case, which asserts "Emerson Radio's well-known and distinctive EMERSON trademarks" [D.E. 1 at ¶ 1] and lists Emerson Radio's EMERSON trademark registrations [*id.* at ¶ 26].

The Honorable Leonard P. Stark
May 24, 2021
Page 3

Finally, Defendants' untimely request is prejudicial to Emerson Radio.  Granting Defendants' request will require Emerson Radio to not only attend a deposition of Emerson Electric, but also to prepare for and conduct a proper cross-examination at that deposition that would be admissible at trial without any prior knowledge of what that testimony will be *and* when none of this would otherwise be discoverable or required.  *Brugh*, 2019 WL 7505743 at *2 ("It would be unreasonable to force [non-movant] to defend a deposition that [movant] have no right to take without showing of good cause.").  And it is unknown what additional tasks or disputes may then arise if discovery is re-opened now when summary judgment is right around the corner.  Moreover, the benefit to permitting this belated fact discovery is of marginal value to the Court's potential concern that each jury "is going to think Emerson Electric and Emerson Radio each are the only parties with rights in the Emerson mark" [D.E. 124 in Case No. 17-5358 at 18-19] given the record already before the Court.  Emerson Radio's and Emerson Electric's respective rights in the EMERSON mark are set forth in public trademark registrations that clearly delineate the different goods that these marks cover.  In addition, the coexistence between Emerson Radio and Emerson Electric respective EMERSON marks is defined by two agreements that were already exhibits to, and the subject of, existing Rule 30(b)(6) deposition testimony of Emerson Radio during discovery.  And to be clear, Emerson Radio has no intention of denying the existence of Emerson Electric's marks or of claiming more rights in its own EMERSON marks than the law and its registrations allows before the jury in this case.

For the foregoing reasons, Emerson Radio maintains that Defendants' request should be denied. But if the Court is inclined to permit the deposition, Emerson Radio respectfully requests that it be scheduled for a date mutually convenient to all parties to afford Emerson Radio sufficient time to prepare.  It is Emerson Radio's understanding that Defendants were informed that Emerson Electric objects to any trial testimony for this case being elicited during Emerson Electric's Rule 30(b)(6) deposition in Case No. 17-5358 on May 27, 2021, but that Emerson Electric does not object to reproducing a witness at a later date if Defendants' request here is granted.

Respectfully submitted,

*/s/ Stacey A. Scrivani*
Stacey A. Scrivani

cc:   All Counsel of Record (via ECF)