IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EMERSON RADIO CORP., ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | CIVIL ACTION NO. 20-cv-01652-LPS |
| v. ) | |
| ) | |
| EMERSON QUIET KOOL CO. LTD., and ) | |
| HOME EASY LTD., ) | |
| ) | |
| *Defendants.* ) | |

## MOTION FOR LEAVE TO WITHDRAW AS COUNSEL

Pursuant to Local Rule 83.7, Panitch Schwarze Belisario & Nadel LLP ("Movant") hereby moves to withdraw as counsel for Defendants' Emerson Quiet Kool Co. Ltd. and Home Easy Ltd. ("Defendants"). Movant respectfully requests the Court grant this Motion for the reasons that follow.

1. This case was filed on July 21, 2017 in the District of New Jersey. Movant entered its appearance on Defendants' behalf in September 2019 (D.I. 93). Since entering its appearance, Movant has represented Defendants through fact discovery, expert discovery, transfer to this District, and summary judgment.

2. Trial in this matter is scheduled for January 10, 2022.

3. The American Bar Association's Model Rules of Professional Conduct apply in this District. D. Del. Local. Rule 83.6(d). Those Rules state that an attorney may withdraw if "the client insists upon taking action … with which the lawyer has a fundamental disagreement;" if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;" if "the representation will result in an unreasonable financial burden on

1

the lawyer or has been rendered unreasonably difficult by the client;" or if "other good cause for withdrawal exists." ABA Model Rule 1.16(b)(4)-(7).

4. Here, Movant cannot continue representing Defendants due to professional considerations relating to each of the rules cited above, leading to a complete breakdown in the attorney-client relationship. Courts regularly find good cause for an attorney's withdrawal based on breakdowns in communications or the relationship between counsel and client. *See, e.g., United States v. Thomas*, 357 F.3d 357, 359-60 (3d Cir. 2004) (detailing history of attorneys withdrawing based on a "breakdown of communications"); *United States v. Goldberg*, 67 F.3d 1092, 1098 (3d Cir. 1995) ("We defined good cause as a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict with the attorney.")

5. Movant owes a duty of confidentiality to Defendants, which protects the specific details of the breakdown. *See* ABA Model Rule 1.6 ("A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent"); *see also* ABA Model Rule 1.16, comment 3 ("The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient."). If the Court requires additional information in deciding this Motion, Movant respectfully requests the Court take an further submission *in camera* to protect Defendants' confidential information.

6. Local Rule 83.7 requires Movant to notify each party and serve, by registered or certified mail, on the party client at least 14 days before the motion is filed. Movant has complied with this Rule in spirit. Plaintiff Emerson Radio Corp. has been notified during a meet-and-confer on November 22 and 23, 2021. While Movant has not mailed notice of this Motion to Defendants at least 14 days in advance of filing, Movant's disagreements with and financial difficulties caused by Defendants began in early 2020. Movant sent (by email) a formal

letter to Defendants on February 4, 2020 indicating some of the many fundamental disagreements between Movant and Defendants regarding this case.  Several of these disagreements have still not been resolved, and Movant's financial burdens have only been exacerbated by Defendants' actions since then.  Movant and Defendants have communicated by phone and email regarding these issues countless times since then, particularly in the past several weeks.  Movant respectfully submits that it be excused from the formality of certified or registered mail in light of the ample notice to Defendants.

7. Pursuant to Local Rule 7.1.1., Movant met-and-conferred with Plaintiff's counsel on November 22 and 23, 2021.  Plaintiff opposes this Motion.

WHEREFORE, Movant respectfully requests the Court grant its motion to withdraw.

| | |
|---|---|
| Dated: November 23, 2021 | **PANITCH SCHWARZE BELISARIO & NADEL, LLP** |
| Of Counsel: | By: */s/ John D. Simmons* |
| | John D. Simmons (Bar No. 5996) |
| Keith A. Jones (*pro hac vice*) | Dennis J. Butler (Bar No. 5981) |
| Panitch Schwarze Belisario & Nadel LLP | Wells Fargo Tower |
| Two Commerce Square | 2200 Concord Pike, Suite 201 |
| 2001 Market Street, Suite 2800 | Wilmington, DE 19803 |
| Philadelphia, PA 19103 | Telephone: (302) 394-6030 |
| Telephone: (215) 965-1330 | jsimmons@panitchlaw.com |
| kjones@panitchlaw.com | dbutler@panitchlaw.com |
| | *Counsel for Defendants* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2021, a true and correct copy of the foregoing Motion for Leave to Withdraw as Counsel was served upon the following via ECF notification:

Mark H. Anania
STEVENS & LEE
669 River Drive, Suite 201
Elmwood Park, NJ 07407
201-857-6769
mark.anania@stevenslee.com

Stacey A. Scrivani
Stevens & Lee
919 North Market Street, Suite 1300
Wilmington, DE 19801
302-425-3306
sasc@stevenslee.com

Bobby Ghajar
COOLEY LLP
1333 2nd Street, Suite 400
Santa Monica, CA 90401
310-883-6400
bghajar@cooley.com

*Counsel for Emerson Radio Corp.*

/s/ *John D. Simmons*
John D. Simmons