UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EMERSON RADIO CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>EMERSON QUIET KOOL CO. LTD. and HOME EASY LTD.<br><br>    Defendants. | Civil Action No. 1:20-cv-1652 |

**JOINT STATUS REPORT AND TRIAL SCHEDULING PROPOSAL**

The undersigned parties respectfully submit this status report and trial scheduling proposal pursuant to the Scheduling Order [D.I. 155] and the Court's November 5, 2021 Oral Order [D.I. 205].

All parties respectfully and jointly request a status conference with the Court regarding scheduling for pretrial and trial considering Hon. Leonard P. Stark's recent nomination to the U.S. Court of Appeals for the Federal Circuit.

**Proposed Trial Schedule**

Time for a five-day jury trial is reserved beginning at 9:30 a.m. on January 10, 2022, with the subsequent trial days beginning at 9:00a.m. Emerson Radio submits the trial is expected to last four (4) days (assuming full court days). Defendants submit the trial should take no longer than one (1) full court day.

**I.** **Identification of Issues to Be Tried By A Jury And/Or The Court:**

Based on the current record, Plaintiff Emerson Radio and Defendants Emerson Quiet Kool and Home Easy identify the following issues that are presently triable by right to a jury and those that are to be tried by the Court:

 **A. Issues to be Tried By a Jury**

 1. Trademark infringement under 15 U.S.C. § 1114 (Emerson Radio Count I);

2. Trademark infringement, unfair competition, and false designation of origin under 15 U.S.C. § 1125(a)(l)(A) (Emerson Radio Count II);
3. False Advertising Under 15 U.S.C. § 1125(a)(1)(B) (Emerson Radio Count III);
4. Violation of the Anti-Cybersquatting Consumer Protection Act under 15 U.S.C. § 1125(d) (Emerson Radio Count IV);
5. Trademark Infringement under N.J. Stat. Ann. § 56:3-13.16 (Emerson Radio Count V; Defendants' Fourth Affirmative Defense of "Non-Infringement");
6. Trademark Dilution under N.J. Stat. Ann. § 56:13-20 (Emerson Radio Count VI);
7. False Designation of Origin under N.J. Stat. Ann. § 56:8-2 (Emerson Radio Count VII);
8. Unfair Competition and False Designation of Origin under New Jersey Common Law (Emerson Radio Count IX);
9. Trademark Infringement under New Jersey Common Law (Emerson Radio Count VIII);
10. Emerson Radio's claims for actual compensatory damages (Emerson Radio's Prayer for Relief, *inter alia*).

### B. Issues to be Tried By the Court[1]

1. Emerson Radio's claims for injunctive relief (Emerson Radio's Prayer for Relief, *inter alia*, and Defendants' Ninth Affirmative Defense of Lack of Irreparable Harm and Tenth Affirmative Defense of Adequacy of Remedy at Law);
2. Emerson Radio's claim for disgorgement of wrongful profits (Emerson Radio's Prayer for Relief, *inter alia*);
3. Emerson Radio's claim for statutory damages under 15 U.S.C. § 1125(d) (Emerson Radio's Prayer for Relief, *inter alia*)
4. Emerson Radio's claim for an award of attorneys' fees and costs (Emerson Radio's Prayer for Relief, *inter alia*, and Defendants' Eleventh Affirmative Defense of Good Faith);
5. Emerson Radio's claim for enhanced damages (Emerson Radio's Prayer for Relief, *inter alia*, and Defendants' Eleventh Affirmative Defense of Good Faith);
6. Waiver, Consent, and Estoppel (Defendants' Fifth Affirmative Defense);
7. Unclean hands (Defendants' Eighth Affirmative Defense)[2];

---

[1] In view of the Court's November 5, 2021 ruling on summary judgment [D.I. 204], U.S. Reg. No. 4,688,893 registration is void, due to the invalid assignment. Thus, the cancellation claim (Emerson Radio Count X) is resolved and need not be tried to the Court. Emerson Radio will ask the Court to issue an Order instructing the USPTO to cancel the registration.

[2] Defendants' affirmative defenses of Laches (Second Affirmative Defense); Statute of Limitations (Third Affirmative Defense); and Acquiescence (Fifth Affirmative Defense) were resolved on summary judgment [D.I. 204]. Defendants previously agreed to dismiss the following remaining affirmative defenses: Failure to State a Claim (First Affirmative Defense) and Lack of Secondary Meaning (Sixth Affirmative Defense). Defendants presently agree to dismiss the following Affirmative Defenses: Trademark Misuse (Defendants' Twelfth Affirmative Defense) and Lack of Subject Matter Jurisdiction (Defendants' Thirteenth Affirmative Defense). Emerson Radio

Dated: November 24, 2021.

| | |
|---|---|
| *s/ Stacey A. Scrivani* | *s/ John D. Simmons* |
| Stacey A. Scrivani (No. 6129) | John D. Simmons (No. 5996) |
| STEVENS & LEE | PANITCH SCHWARZE BELISARIO & NADEL LLP |
| 919 N. Market Street, Suite 1300 | Wells Fargo Tower |
| Wilmington, DE 19801 | 2200 Concord Pike, Suite 201 |
| Tel: 302-425-3306 | Wilmington, DE 19083 |
| stacey.scrivani@stevenslee.com | JSimmons@panitchlaw.com |
| | |
| Mark H. Anania (*pro hac vice*) | *Counsel for Defendants* |
| STEVENS & LEE | |
| 669 River Drive, Suite 201 | |
| Elmwood Park, NJ 07407 | |
| Tel: 201-857-6769 | |
| mark.anania@stevenslee.com | |

*Of Counsel:*
Bobby Ghajar (*pro hac vice*)
COOLEY LLP
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Tel: 310-883-6400
bghajar@cooley.com

*Counsel for Plaintiff*

---

respectfully submits that Defendants' affirmative defense for Unclean Hands (Defendants' Eighth Affirmative Defense) may be resolved by the Court by pretrial briefing; Defendants disagree. The parties agree that Defendants' Fourth Affirmative Defense of "Non-Infringement" and Seventh Affirmative Defense of "No Damages" need not be specifically tried as they are not affirmative defenses containing their own elements of proof as much as they are merely denials of liability for trademark infringement and damages.

11/24/2021 SL1 1761034v2 115478.00002