UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **EMERSON RADIO CORPORATION,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**EMERSON QUIET KOOL CO. LTD.**<br>**and HOME EASY LTD.**<br><br>　　　　**Defendants.** | Civil Action No. 1:20-cv-1652<br><br><br>Filed: December 2, 2021 |

**PLAINTIFF'S BRIEF**
**IN OPPOSITION TO PANITCH SCHWARZE BELISARIO & NADEL LLP's MOTION**
**TO WITHDRAW**

*Of Counsel:*
Bobby Ghajar (*pro hac vice*)
COOLEY LLP
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Tel: 310-883-6400
bghajar@cooley.com

**STEVENS & LEE, P.C.**
Stacey A. Scrivani (No. 6129)
919 N. Market Street, Suite 1300
Wilmington, DE 19801
Tel: 302-425-3306
stacey.scrivani@stevenslee.com

Mark H. Anania (*pro hac vice*)
669 River Drive, Suite 201
Elmwood Park, NJ 07407
Tel: 201-857-6769
mark.anania@stevenslee.com

*Counsel for Emerson Radio Corp.*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ ii
NATURE AND STAGE OF PROCEEDING ............................................................................... 1
INTRODUCTION AND SUMMARY OF ARGUMENT ............................................................. 1
STATEMENT OF FACTS ............................................................................................................ 2
ARGUMENT .................................................................................................................................5
CONCLUSION ..............................................................................................................................9

SL1 1760988v5 115478.00002

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Amazon.com, Inc. v. Citi Servs., Inc.*,
    2008 WL 4965179 (D. Del. Nov. 21, 2008) .......................................................................9

*Beaver Resource Corp. v. Brawand,* 618 F. App'x 736 (3d Cir. 2015) .........................................8

*Chester v. May Dep't Store*, 2000 WL 12896 (E.D. Pa. Jan. 7, 2000) ...........................................6

*Dougherty v. Snyder*, 469 F. App'x 71 (3d Cir. 2012) ...................................................................7

*Erie Molded Plastics, Inc. v. Nogah, LLC*, 520 F. App'x 82 (3d Cir. 2013) ..................................9

*Fax v. Touhey et al.*, Civil Action No. 18-cv-714-MN (D. Del. Feb. 28. 2019) .............................8

*Mervin v. Darrell*, 1994 WL 327626 (E.D. Pa. July 8, 1994) ........................................................6

*Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676 (3d Cir. 1986) .........................................................5

*Ohntrup v. Makina Ve Kimya Endustrisi Kurumu,* 760 F.3d 290 (3d Cir. 2014) ...........................6

*Rusinow v. Kamara*, 920 F. Supp. 69 (D.N.J. 1996) ......................................................................6

*S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371 (3d Cir. 1992) .................................................2

*Sharp v. Verizon Del. Inc.*,
    2012 U.S. Dist. LEXIS 179874 (D. Del. Dec. 12, 2012)....................................................6

*Taylor v. U.S.*, 2013 WL 1897839 (D. Del. May 7, 2013) .............................................................7

SL1 1760988v5 115478.00002

## NATURE AND STAGE OF THE PROCEEDING

The case is scheduled for trial commencing on January 10, 2022. Following denial of Defendants Emerson Quiet Kool Co. Ltd. ("EQK") and Home Easy Ltd. ("Home Easy") (together, "Defendants") motions for summary judgment and the granting, in part, of Plaintiff Emerson Radio Corp. ("Emerson Radio" or "Plaintiff") motion for summary judgment, counsel for Defendants, Panitch Schwarze Belisario & Nadel LLP ("PSBN"), now seeks leave to withdraw as counsel for Defendants.

## INTRODUCTION AND SUMMARY OF ARGUMENT

At the eleventh hour, as the parties complete their pretrial filings, PSBN asks the Court to withdraw as counsel. The timing of PSBN's motion is remarkable. So too is the lack of detail, declaration, or attention to the rules that might begin to justify such an unusual request given the stage of the case. For context, this request comes on the heels of Defendants losing their motions for summary judgment – leaving nothing standing between them and trial – and losing summary judgment as to the validity of their trademark registration for the EMERSON QUIET KOOL mark and their attempts to tack on to alleged predecessor rights. The Court's November 5th ruling led Defendants to engage in settlement talks, and after Plaintiff devoted three weeks entertaining those talks, Defendants unilaterally broke them off to the detriment of Plaintiff and the delay of its trial preparations.

It is also remarkable that Defendants have already been represented by *three* different counsels during this litigation (more if one considers the number of different counsels representing these same Defendants in the co-pending litigations with Emerson Electric, Co.) and that PSBN *remains* counsel of record for Defendants in finalizing their settlement with Emerson Electric yet is unable to represent Defendants against Plaintiff in this case. PSBN's request fails

1

to identify substitute counsel, and it is far too late to bring in a *fourth* set of counsel with trial merely six weeks away. The Court should deny PSBN's request in view of the timing of the request, its failure to follow the Local Rules, the failure to identify substitute counsel, and the undue prejudice it would cause Emerson Radio.

### STATEMENT OF FACTS

This case has been pending for over four years, during which Defendants have infringed the incontestable EMERSON mark, causing irreparable and ongoing harm and damage to Emerson Radio. *See S & R Corp. v. Jiffy Lube Int'l, Inc.,* 968 F.2d 371, 378 (3d Cir. 1992) ("Grounds for irreparable injury include loss of control of reputation, loss of trade, and loss of goodwill. . . Lack of control amounts to irreparable injury regardless of allegations that the infringer is putting the mark to better use.") (Internal citations omitted). Paying almost nothing in marketing or advertising, Defendants began selling EMERSON QUIET KOOL products on the coattails of Emerson Radio's reputation, earning four years of wrongful profits and causing massive confusion. [D.I. 171 at Ex. 6 to Smith Decl.].

### A.   Defendants' Pattern of Switching Counsel and Causing Delay

Although PSBN's request to withdraw lacks any detail regarding the timing of the alleged erosion of its relationship with Defendants, Defendants should not be the beneficiary of any further delay in Emerson Radio preventing this confusion by switching counsel on the eve of trial. This especially is true given that Defendants have previously relied on this tactic – switching counsel – several times to cause delay in this and their related trademark case against Emerson Electric Co. Any new counsel for Defendants will be their *fourth* in this matter, with each time being a source of delay and prejudice to Emerson Radio.

Defendants were first represented in this case by Bakos and Kritzer, who filed

Defendants' first motion to dismiss [D.I. 23].  When that motion to dismiss was denied as moot [D.I. 34], Bakos and Kritzer was replaced by the Weiner Law Group, whose appearance Defendants relied upon to request a further extension of time and file another motion to dismiss [D.I. 41, 44].  Once Defendants' renewed motion to dismiss was denied and Emerson Radio was finally able to pursue discovery, Defendants terminated their counsel again.  In the face of Emerson Radio's July 2019 opposition to Weiner Law Group's motion to withdraw as a cause of further delay [D.I. 83], Defendants were ordered to have new counsel enter an appearance by August 20, 2019 and attend a status conference on September 11, 2019 or else face default. [D.I. 84].  When new counsel for Defendants failed to enter an appearance by August 20, 2019 (or even by the days leading up to the September 11, 2019 status conference), the Court issued an Order to Show Cause why Defendants should not be placed in default on September 10, 2019. [D.I. 90].  It was not until after the Order to Show Cause that PSBN (along with its local counsel, McGeary Cukor LLC) filed an appearance for Defendants [D.I. 91] causing the District of New Jersey to vacate the show cause order [D.I. 92], but with the effect of Emerson Radio having only a reduced period of time to complete discovery to meet the Court's directive [D.I. 97].

      The cases between these same Defendants and Emerson Electric in the District of Delaware follow the same pattern.  In the trademark case between these parties, Defendants were first represented by Morris James, LLP, but they were fired by Defendants [D.I. 8 in Case No. 17-1846] and withdrew with leave of Court on February 14, 2019 after obtaining a prospective extension of Defendants' time to answer the complaint [D.I. 9-10 in Case No. 17-1846]. Defendants' next counsel, Potter Anderson Corroon LLP, used that extension to file a motion to dismiss [D.I. 11 in Case No. 17-1846] alleging similar arguments to those denied by this Court [D.I. 56].  However, after that motion was denied on March 28, 2019 [D.I. 22 in Case No. 17-

3

1846] – and the litigation was to commence in earnest – Defendants fired Potter Anderson and, *pro se,* requested another extension to June 2, 2019 to find new counsel before having to answer the complaint [D.I. 27-29 in Case No. 17-1846]. Defendants then engaged their third law firm, the same PSNB firm, which despite filing the request to withdraw from representation in Plaintiff's case, has not sought to withdraw from representing Defendants against Emerson Electric as it finalizes the settlement those parties reached in principle [D.I. 154 in Case No. 17-1846].

The same is true of the related breach of contract case between Emerson Electric and EQK (Case No. 20-1449). First, EQK was represented by Fish & Richardson, P.C. who filed the initial complaint in the matter. [D.I. 1 in Case No. 20-1449]. After a motion to dismiss was filed against EQK's complaint, EQK switched counsel to Shaw Keller LLP [D.I. 10 in Case No. 20-1449] and obtained an extension of time to oppose the motion [D.I. 11 in Case No. 20-1449]. Following the Court's June 28, 2021 order requiring EQK to file an amended complaint by July 28, 2021 for its case to continue [D.I. 17 in Case No. 20-1449], Shaw Keller LLP withdrew as counsel for EQK [D.I. 22 in Case No. 20-1449] and was replaced by Barnes & Thornburg LLP and Sidkoff, Pincus & Green, P.C. [D.I. 24, 26-28 in Case No. 20-1449], which resulted in the deadline for EQK to file its amended complaint being delayed until December 9, 2021 [D.I. 25 in Case No. 20-1449].

The clear implication of this history is that Defendants have an establish pattern of changing its counsel to achieve delay. This history was known to PSBN when it entered an appearance into the case, and handled the matter through discovery, summary judgment, and *Daubert* filings.

Defendants should not now be permitted to continue this pattern, this time on the eve of

4

trial, to the severe detriment to Plaintiff.

### B.     The Parties Pretrial Exchanges

As noted, this case is weeks away from trial. Following the Court's November 5, 2021 summary judgment ruling [D.I. 204], the parties discussed settlement in earnest, including several conference calls, email exchanges, and circulation of terms for final client approvals, with Plaintiff spending considerable time attempting to achieve resolution and with the belief that Defendants earnestly intended to do the same. That turned out not to be the case.

Meanwhile, the parties agreed several times to postpone certain filings [*e.g.* D.I. 206, 207 (stipulations and proposed orders extending date to file the joint status report)] and exchanges of pre-trial documents. Plaintiff diligently continued to work on those filings, and even before the parties' agreed-upon exchange deadline, served Defendants with its portions of the Final Pretrial Conference Statement, including a proposed Joint Statement of Undisputed Facts, Plaintiff's Statement of Contested Facts, Plaintiff's Statement of Issues of Law, as well as other proposed attachments on November 23, 2021 when settlement discussions broke down. Plaintiff has since served Defendants (through PSBN) with its proposed trial exhibit list, motions *in limine,* and various deposition designations. Over the last week, Plaintiff has been pursuing Defendants' inserts and responsive portions, but PSBN has not been responsive to meet and confer requests to date. The parties have a December 13, 2021 deadline to file the Final Pretrial Conference Statement with the Court.

### ARGUMENT

### A.     Legal Standard

"When a motion to withdraw is filed, and substitute counsel has not entered an appearance on the affected party's behalf, the decision as to whether to allow counsel to

5

withdraw its representation is within the discretion of the Court." *Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 679 (3d Cir. 1986). When exercising that discretion to decide whether to grant a motion to withdraw, courts must consider the context of the on-going litigation and make determinations on a case-to-case basis. *See Ohntrup v. Makina Ve Kimya Endustrisi Kurumu*, 760 F.3d 290, 295 (3d Cir. 2014).

### B.  PSBN Should be Denied Leave to Withdraw

Courts in the Third Circuit routinely exercise their discretion to deny motions for withdrawal of counsel where the proximity to trial would cause significant prejudice to the litigants. *Sharp v. Verizon Del. Inc.*, 2012 U.S. Dist. LEXIS 179874 at *12-13 (D. Del. Dec. 12, 2012) (citing *Carter v. Philadelphia*, 2000 WL 537380 at *2 (E.D. Pa. Apr. 25, 2000) (denying motion to withdraw due in part to fact trial was five weeks away); *Chester v. May Dep't Store*, 2000 WL 12896 at *1 (E.D. Pa. Jan. 7, 2000) (denying motion in part because "all discovery and pretrial proceedings [had] concluded and the case was on the eve of trial."); *Rusinow v. Kamara*, 920 F. Supp. 69, 72 (D.N.J. 1996) (denying motion in part because counsel had litigated the case for two years and trial was less than two weeks away); *Mervin v. Darrell*, 1994 WL 327626 at *1-2 (E.D. Pa. July 8, 1994) (denying motion in case where trial date was scheduled for less than two months from date of denial)).

Here, withdrawal of PSBN as counsel for Defendants at this stage would cause significant prejudice to Emerson Radio as well as to the administration of justice. Trial is scheduled to begin in a little over six weeks, on January 10, 2022. Discovery closed over a year ago and the parties are currently in the midst of preparing pretrial exchanges towards a joint submission of the Final Pretrial Conference Statement on December 13, 2021 (with Plaintiff serving its portions), and a final pretrial conference before the Court scheduled in less than three

6

weeks, on December 21, 2021.

Defendants are corporate entities that must be represented by a licensed attorney. *Dougherty v. Snyder*, 469 F. App'x 71, 72 (3d Cir. 2012). PSBN does not identify substitute counsel, much less indicate that new counsel will enter an appearance without intending to delay pretrial and trial deadlines. The Court should not grant the motion because it would leave Defendants without counsel during a period in which there are numerous pretrial obligations. Nor should Defendants be permitted a ***fourth*** change of counsel as an excuse to seek any delay of these deadlines to the significant undue prejudice to Emerson Radio and its ability to enjoin Defendants' ongoing infringement.

This is especially true when PSBN fails to provide an adequate reason for why it seeks withdrawal on the eve of trial. Notably, its request fails to include any supporting declaration (even one filed *in camera*). Disagreements between attorneys' and their clients are not uncommon during protracted litigation, especially where a client may have an out-sized view of his or her case. However, mere "tension and frustration" is not sufficient grounds to grant a motion to withdraw. *See Taylor v. U.S.*, 2013 WL 1897839 at *2 (D. Del. May 7, 2013) (finding letters between attorney and client did not show the attorney-client relationship had been irretrievably harmed); *Sharp*, 2012 WL 6212615 at *5 ("[A] difference of opinion between counsel and client is not a compelling reason for withdrawal . . . ."). It is hard to believe that whatever strategic disagreement exists between Defendants and PSBN, is of such a nature that it was able to cause little to no disturbance in PSBN's representation of Defendants for nearly two years and only now, with trial fast approaching, has it caused a "complete breakdown."

Finally, PSBN's motion should be withdrawn because it fails to comply with the requirements of Local Rule 83.7. This Local Rule provides that when a withdrawal will leave a

7

party unrepresented, "no appearance shall be withdrawn except by order on a motion duly noticed to each party and served on the party client, at least 14 days before the motion is presented, by registered or certified mail addressed to the client's last known address." D. Del. LR 83.7.  By its own admission, PSBN has not complied with this Local Rule [D.I. 208 at ¶ 6], which is grounds itself to deny leave to withdraw.  *Fax v. Touhey et al.*, Civil Action No. 18-cv-714-MN at D.I. 20 (D. Del. Feb. 28. 2019) (oral order denying motion to withdraw for failure to comply with Local Rule 83.7 (Noreika, J.)).

For these reasons, the withdrawal of PSBN at this juncture would leave Defendants unrepresented and risk delay resulting in severe prejudice to Emerson Radio and the administration of justice.  PSBN's Motion should be denied.

> **B.    Alternatively, Any Leave to Withdraw Should be Narrowly Limited and Upon Consequences of Immediate Default**

If the Court is inclined to permit PSBN to withdraw, Defendants should be given only a limited window to secure new counsel, with no extension of pretrial or trial dates.  Specifically, given the January 10, 2022 trial date, the upcoming holidays, and Defendants' pattern of replacing their counsel, any new counsel should be barred from seeking any extensions to the pretrial and trial deadlines already in place in this matter.  Defendants should also be required to immediately provide their responses to the Final Pretrial Conference Statement and related filings.

Moreover, the Court should set an immediate deadline (*e.g.* December 8) by which new counsel for Defendants must enter an appearance and that failure to do so would result in an immediately entry of default under Fed. R. Civ. P. 55(a), permitting Emerson Radio to seek default judgment under Fed. R. Civ. P. 55(b), with Defendants barred from seeking under Fed. R. Civ. P. 55(c) to set aside either the entry or judgment of default or otherwise filing any

8

opposition. *E.g., Beaver Resource Corp. v. Brawand*, 618 F. App'x 736 (3d Cir. 2015) (upholding decision to dismiss case for failure to prosecute when plaintiff corporation did not obtain new counsel); *Erie Molded Plastics, Inc. v. Nogah, LLC*, 520 F. App'x 82 (3d Cir. 2013) (finding no prejudice would result in allowing withdrawal, so long as corporate party would either be forced to obtain new counsel or if unable, consent to default judgment); *Amazon.com, Inc. v. Citi Servs., Inc.*, 2008 WL 4965179 at *3 (D. Del. Nov. 21, 2008) (finding failure to obtain new counsel as reason for default judgment).

## **CONCLUSION**

For the foregoing reasons, the motion to withdraw should be denied.


Respectfully submitted,

Dated: December 2, 2021

*Of Counsel:*
Bobby Ghajar (*pro hac vice*)
COOLEY LLP
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Tel: 310-883-6400
bghajar@cooley.com

STEVENS & LEE

*s/ Stacey A. Scrivani*
Stacey A. Scrivani (No. 6129)
919 N. Market Street, Suite 1300
Wilmington, DE 19801
Tel:302-425-3306
stacey.scrivani@stevenslee.com

Mark H. Anania (*pro hac vice*)
669 River Drive, Suite 201
Elmwood Park, NJ 07407
Tel: 201-857-6769
mark.anania@stevenslee.com

*Counsel for Emerson Radio Corp.*

9