UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EMERSON RADIO CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>EMERSON QUIET KOOL CO. LTD. and HOME EASY LTD.<br><br>        Defendants. | Civil Action No. 1:20-cv-1652 |

**JOINT STATUS REPORT FOLLOWING DECEMBER 6, 2021 STATUS CONFERENCE**

      At the December 6, 2021 telephone status conference, in connection with Panitch Schwarze Belisario & Nadel LLP's ("Movant's") request to withdraw as counsel [D.I. 208] and the remedies sought by Plaintiff, the Court asked the parties to confirm their availability to start trial on January 24, 2022 – two weeks beyond the current trial date.  The Court also asked Plaintiff to identify any proposed relief they sought in the event the Court granted Movant's request, given the prejudice it is already suffering due to Defendants' lack of participation in the pretrial filing process.  This report follows.

**Plaintiff's Position**

      <u>Trial Date</u>.  Plaintiff and its witnesses (including its experts) have long planned for a January 10th start of trial.  At the Court's request, Plaintiff has looked into the feasibility of pushing the start of trial back to January 24.  Since yesterday's conference, Plaintiff has been able to confer with most of its witnesses and believe that they can make a January 24 trial work.  There is at least one witness and an expert witness who have not yet confirmed their ability to start trial at that time; it may be the case that they need to participate remotely.  As stated in the prior joint status report [D.I. 209], Plaintiff submits that any such trial is expected to last at least three (3) to four (4) days; fewer if this case becomes triable to the Court on all remaining issues.

      <u>Proposed Deadline for Substitute Counsel (if the Court grants Movant's Motion)</u>.  As set forth in Plaintiff's opposition to Movant's motion to withdraw [D.I. 211] and discussed at the December 6, 2021 conference, Defendants' refusal to participate in various pretrial activities (including the Final Pretrial Conference Statement) has already prejudiced Plaintiff.  Even with the brief continuance, there is no further time to delay the potential substitution of counsel.

Plaintiff respectfully proposes Defendants should only be permitted until **5:00 p.m. EST on Friday, December 10, 2021** to have substitute counsel enter an appearance in this case. Defendants have been on notice of Movant's intention to withdraw since at least November 22, 2021 [D.I. 212 at 2]. This deadline gives Defendants up to eighteen (18) days to secure new counsel, which is consistent with the limited periods of time afforded corporate parties who cannot proceed *pro se* to find substitute counsel in other cases. *E.g., Marlowe Patent Holdings LLC v. Dice Elecs.,* LLC, 2013 WL 3043562 at *3 (D.N.J. Jun. 17, 2013) (20 days); *SNI Enter. v. JFT Enterprises,* 2013 WL 12291573 at *1 (D.N.J. Aug. 5, 2013) (21 days).

If substitute counsel for Defendants <u>fails</u> to make a timely appearance by this deadline, Plaintiff asks the Court to (1) find Defendants in default; (2) order immediate and automatic entry of default under Fed. R. Civ. P. 55(a), permitting Plaintiff to immediately move for default judgment under Fed. R. Civ. P. 55(b), and (3) with Defendants barred from seeking under Fed. R. Civ. P. 55(c) or 60(b) to set aside either the entry or judgment of default, or otherwise filing any opposition so as to avoid any potential gamesmanship or ability for Defendants to circumvent this deadline and yet still seek relief. *E.g., Amazon.com, Inc. v. Citi Servs., Inc.*, 2008 WL 4965179 at *3 (D. Del. Nov. 21, 2008).[1]

<u>Relief Sought by Plaintiff to Address Defendants' Failure to Participate and Gamesmanship</u>. *Even if* substitute counsel for Defendants timely makes an appearance by the proposed deadline, given the prejudice to Plaintiff already caused by Defendants' failure to comply with their pretrial obligations to date,[2] and to avoid any further delay, Plaintiff respectfully submits that the Court may grant the following further relief:

1. <u>Resetting of Pretrial Dates Consistent with a New Trial Date</u>. In view of a proposed January 24, 2022 trial date, the deadline to file the final pretrial order with the Court (presently set for December 13, 2021) shall be extended to until **December 28, 2021**, any deadlines to submit proposed jury instructions, proposed voir dire, and special verdict forms (presently set for December 15, 2021) shall be extended to until **December 30, 2021**, and the final pretrial conference (presently scheduled for December 21, 2021), shall be adjourned to **January 6, 2021**

---

[1] Defendants' disregard for their obligations to the Court in these proceedings is evident not only in recent briefing on Movant's motion to withdraw [D.I. 211, 212], but also in Plaintiff's prior briefing the last time Defendants' counsel sought leave to withdraw [D.I. 83] and in Plaintiff's prior *Daubert* submissions [D.I. 164], which includes Defendants missing deadlines, failing to participate in discovery, and apparent spoliation of evidence.

[2] As Movant confirmed at the December 6, 2021 status conference, Defendants have long known about the pretrial exchanges (including exhibit lists, motions *in limine*, and the final pretrial conference order and related exhibits) for months. They began receiving Plaintiff's pretrial materials two weeks ago, and now have had completed drafts for over a week, but Plaintiff has received ***nothing*** in return from Defendants.

or as soon thereafter as the Court may schedule. Defendants shall not be permitted to move to extend, adjourn, dissolve, or otherwise seek leave from any of these deadlines.

2. <u>Waiver of Pretrial Objections</u>. Given Defendants' ongoing failure to cooperate in the pretrial exchanges, and failure to timely serve or seek any extension of their now-past deadlines to make their required pretrial disclosures – under the Court's scheduling order [D.I. 155], the Court's default Scheduling Order, and Local Rule 16(d)(1)-(3) – in response to Plaintiff's timely service of these materials, Defendants shall be deemed to have waived their ability to: (a) serve any motions *in limine*; (b) object to any portions of Plaintiff's previously served pretrial disclosures (including deposition designations, trial exhibits, and proposed statement of undisputed facts); (c) oppose Plaintiff's previously served motions *in limine*; and/or (d) disclose any proposed trial exhibits that were not previously identified in Plaintiff's trial exhibit list. Any remaining portions of the required pretrial disclosures that are not deemed waived shall be served on Plaintiff by **December 15, 2021** and Defendants shall not be permitted to move to extend, adjourn, dissolve, or otherwise seek leave from any of these deadlines.

3. <u>Limited Injunctive Relief</u>. To mitigate the risks to Plaintiff, including the likelihood of continued consumer confusion, caused by the delay of trial in this matter, Defendants must: (a) by **December 15, 2021** expressly abandon the existing registration EMERSON QUIET KOOL for air conditioning (U.S. Reg. No. 4688893) and the pending application for EMERSON QUIET KOOL on dehumidifiers (U.S. Ser. No. 87750176) that claims a date of first use of 1980, both which are required based on the Court's summary judgment ruling that the underlying assignment was invalid and that Defendants cannot tack on to any predecessor use and (b) by **December 31, 2021** or such other date determined by the Court, take down the website appearing at www.emersonquietkool.com and otherwise refrain from any other advertising, display, sale, offering for sale, or distribution of any products bearing a mark including EMERSON QUIET KOOL or any other confusingly similar mark to Plaintiff's EMERSON mark until trial commences on January 24, 2022 (or a further date determined by the Court). Defendants shall not be permitted to move to extend, adjourn, dissolve, or otherwise seek leave from any of these deadlines. Defendants' failure to comply with these deadlines would put them in contempt of Court.

4. <u>Compelling Attendance at Mediation by Defendants' Ultimate Decision-Maker</u>. In view of Defendants' conduct during discussions to resolve the matter, including those identified by Movant in its papers and yesterday's status conference, it is clear that Defendants did not conduct prior mediations and settlement discussions in good faith due to the lack of participation and attention by the ultimate decision maker for Defendants. Therefore, to facilitate a potential resolution of this matter, "Defendants' actual decision maker(s)" who is identified in Movant's reply in support of its motion for leave to withdraw [D.I. 212 at 2] (and the individual(s) who Movant indicated are not responding to Movant's calls) shall be ordered to appear *personally* in the District for a mandatory in-person settlement conference to be conducted by the Court prior to December 23, 2021 or such other time before January 1, 2022 as agreeable to the parties.

3

Defendants shall not be permitted to move to extend, adjourn, dissolve, or otherwise seek leave from any of these deadlines.

5.      <u>Acknowledgment by Any Substitute Counsel</u>.  Any notice of appearance by substitute counsel for Defendants must acknowledge in writing substitute counsel's review and acceptance of these or any other conditions set by the Court in response to Plaintiff's proposals in this joint status report, and such new counsel may not seek to reopen discovery or take any action that would delay any of the foregoing dates.

**Defendants' Position**

Movant spoke with Defendants' representative, David Zhang, by phone immediately after the December 6, 2021 status conference.  Movant inquired about Defendants' availability for trial in the week of January 24, 2022 and Defendants' efforts to obtain new counsel.  Defendants' representative conveyed that they are searching for new counsel, but he did not have information on availability for trial.  Defendants' representative also indicated that Isaac Xiao, President of Home Easy Ltd., is currently quarantining in China due to COVID-19 procedures so it is unclear as to his availability to appear in person in December 2021 as Plaintiff is suggesting above.

Dated: December 7, 2021.

<div style="display:flex">
<div>

*s/ Stacey A. Scrivani*
Stacey A. Scrivani (No. 6129)
STEVENS & LEE
919 N. Market Street, Suite 1300
Wilmington, DE 19801
Tel: 302-425-3306
stacey.scrivani@stevenslee.com

Mark H. Anania (*pro hac vice*)
STEVENS & LEE
669 River Drive, Suite 201
Elmwood Park, NJ 07407
Tel: 201-857-6769
mark.anania@stevenslee.com

*Of Counsel:*
Bobby Ghajar (*pro hac vice*)
COOLEY LLP
1333 2nd Street, Suite 400
Santa Monica, CA 90401

</div>
<div>

*s/ John D. Simmons*
John D. Simmons (No. 5996)
PANITCH SCHWARZE BELISARIO & NADEL LLP
Wells Fargo Tower
2200 Concord Pike, Suite 201
Wilmington, DE 19083
JSimmons@panitchlaw.com

*Counsel for Defendants*

</div>
</div>

4

Tel: 310-883-6400
bghajar@cooley.com

*Counsel for Plaintiff*

5