IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EMERSON RADIO CORP., | : |
| Plaintiff, | : |
| v. | : C.A. No. 20-1652-LPS |
| EMERSON QUIET KOOL CO. LTD. and HOME EASY LTD. | : |
| Defendants. | : |

**MEMORANDUM ORDER**

At Wilmington this **16th** day of **December, 2021**:

Pending before the Court are Defendant Emerson Quiet Kool Co. Ltd.'s ("Emerson Quiet Kool") letter motion for extension of time to obtain new counsel (D.I. 216) and Plaintiff Emerson Radio Corp.'s request for entry of default (D.I. 218). The Court has reviewed the parties' submissions (*see, e.g.*, D.I. 216-18) and, for the reasons explained below, **IT IS HEREBY ORDERED** that (1) Emerson Quiet Kool's motion for extension of time (D.I. 216) is **DENIED**; (2) Plaintiff's request for entry of default (D.I. 218) is **GRANTED**; and (3) the Clerk of Court is directed to enter default against Defendants Emerson Quiet Kool Co. Ltd. and Home Easy Ltd. ("Defendants").

1. On December 8, 2021, the Court entered an oral order granting Defendants' then-counsel's motion to withdraw as attorney. (D.I. 214) In that order, the Court stated that "substitute counsel for Defendants *must* enter an appearance no later than *December 15, 2021*." *Id.* (emphasis added). The Court also rescheduled the trial date and reset pretrial deadlines, all

predicated on the initial condition that "new counsel for Defendants appear as required by this order." *Id.*

2. On December 15, 2021, the Court received a letter from Emerson Quiet Kool, dated December 14, requesting a "30-day extension" to hiring new counsel. (D.I. 216) Plaintiff responded to Emerson Quiet Kool's request on December 15. (D.I. 217) No substitute counsel for Defendants entered an appearance by December 15. Plaintiff then filed a request for entry of default on December 16. (D.I. 218)

3. Emerson Quiet Kool's motion for extension of time is denied. The Court agrees with Plaintiff, for all the reasons stated in Plaintiff's response (*see generally* D.I. 217), that granting Emerson Quiet Kool's request for extension of time is unwarranted. In particular, given that trial is approximately five weeks away, as well as Defendants' pattern of failure to timely secure substitute counsel (both in this case and in related cases before this Court, *see* D.I. 211 at 2-3), granting the requested extension would only exacerbate the unfair prejudice Plaintiff has already suffered.

4. Plaintiff's request for entry of default is granted. In the December 8 order, the Court warned that the failure to have substitute counsel to enter an appearance by December 15 "***will result in entry of default***" (D.I. 214) (emphasis added), provided that Plaintiff files an appropriate motion. Since no substitute counsel for Defendants entered an appearance by December 15, entry of default upon Plaintiff's request is appropriate here, for all the reasons well set out in the record. Plaintiff may file a motion for default judgment, which the Court will address in a timely manner, consistent with the Federal Rules of Civil Procedure. Defendants should understand that if they wish to oppose the forthcoming motion for default judgment, or if they wish to move to set aside a default judgment, they must first obtain counsel, who must enter

an appearance, and then they will have to meet the applicable standards, which is likely to be quite difficult given the course of conduct that has led to this unfortunate result.

                                                                  _____
                                                                  HONORABLE LEONARD P. STARK
                                                                  UNITED STATES DISTRICT JUDGE