**Stevens & Lee**

919 North Market Street, Suite 1300
Wilmington, DE  19801
(302) 654-5180
www.stevenslee.com

T:  (610) 478-2086
F:  (610) 988-0812
stacey.scrivani@stevenslee.com

January 13, 2022

**VIA ECF**

The Honorable Leonard P. Stark, U.S.D.J.
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

Re:   *Emerson Radio Corp. v. Emerson Quiet Kool Co. Ltd. and Home Easy Ltd*.,
       Civil Action No. 20-cv-01652-LPS
       **Objection to January 12, 2022 Letter Filed by Devlin Law Firm**

Dear Judge Stark:

We submit this letter to object to a January 12, 2022 letter [D.I. 230] that was filed by the Devlin Law Firm, LLC ("DLF") in contravention of the Court's recent January 11, 2022 order [D.I. 229].[1]

The Court's January 11, 2022 order [D.I. 229] was clear that only "if" counsel files an appearance for Defendants by the deadline "may" Defendants then "file a response to the motion for default judgment."  [D.I. 229].  DLF, however, ignored that order and used this latest unauthorized filing for several improper purposes:

(1) To inappropriately inject a response to the motion for default judgment on the record without first filing the appearance required by the Court; to circumvent the page limits set by the Court on any such permitted filing (which limited such brief to 20 pages); and ostensibly, to get two opportunities to respond to the motion for default judgment.

(2) While ignoring the posture of the case, including that default has already been entered and pretrial and trial dates were vacated – and without even attempting to address the appropriate legal standards or other prerequisites – to improperly urge the Court to reconsider its order under an empty offer to "proceed" with a trial date that the Court has already cancelled and taken off calendar.  DLF knows very well that the trial date was vacated, and that trial cannot now possibly proceed as previously scheduled given

---

[1] We, along with Cooley LLP, are counsel for Plaintiff Emerson Radio Corporation ("Plaintiff") in the above-captioned action against Defendants Emerson Quiet Kool Co. Ltd. ("EQK") and Home Easy Ltd. ("Home Easy") (collectively, "Defendants").

Defendants' prior failures to meet *any* of its pre-trial obligations, without causing further undue burden on the Court and prejudice to Plaintiff.

Regardless of Defendants' motives, DLF's January 12, 2022 letter does not comply with the Court's January 11, 2022 order [D.I. 229] and should be stricken.

Alternatively, if DLF enters an appearance for Defendants as required by the January 11, 2022 order [D.I. 229], then the Court should treat the January 12, 2022 letter [D.I. 230] – which references and sets forth a substantive opposition to Plaintiff's motion for default judgment across its four single-spaced pages – as Defendants' response to Plaintiff's motion. The Court's January 11, 2022 Order [D.I. 229] permitted Defendants, if counsel timely appeared, to "file a response to the motion for default judgment, not to exceed twenty (20) pages, no later than January 21." [D.I. 229]. They have now done so, and should not be permitted to file additional briefs against the Court's orders.

Finally, Plaintiff remains troubled by Defendants' – and now DLF's – nonchalance towards the course of conduct that has led the parties to this point. Plaintiff previously expressed its significant concerns that EQK would continue to engage in precisely the conduct we are now seeing. The Court made clear that there could be no more delay by Defendants. Now DLF is attempting to avoid compliance with the Court's prior Orders and its justification for the one-week extension it obtained from the Court to oppose Plaintiff's motion – the professed need for "analysis and confirmation that there is a Rule 11 basis to do so" [D.I. 228 at 1] – must no longer exist; otherwise, it could not have filed its legal arguments opposing default with the Court yesterday [D.I. 230]. Allowing Defendants or DLF another opportunity to now brief those arguments again would be an improper second bite at the apple, and enlargement of the page limits set by the Court. Plaintiff has suffered from enough gamesmanship already.

For these reasons, the Court should strike DLF's January 12, 2022 letter [D.I. 230] and admonish DLF, which has not yet appeared as counsel for any party in this case, not to make any further improper filings. Alternatively, should DLF enter a timely appearance as required by the Court's January 11, 2022 Order [D.I. 229], the Court should treat the letter as Defendants' response to Plaintiff's motion, to which now "Plaintiff may file a reply, not to exceed 10 pages, no later than January 21" pursuant to the Court's January 11, 2022 order [D.I. 229][2], with no further briefing permitted by DLF or Defendants.

Respectfully submitted,

STEVENS & LEE

*/s/ Stacey A. Scrivani*
Stacey A. Scrivani

---

[2] As directed by the Court, Plaintiff will separately submit its supplemental briefing on the scope of injunctive relief as well as a proposed order granting default judgment by January 14, 2022.

The Honorable Leonard P. Stark, U.S.D.J.
January 13, 2022
Page 3

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2022, I caused to be served the enclosed January 13, 2022 Letter to Judge Stark that were e-filed with the Court via overnight mail on the following:

Emerson Quiet Kool Co. Ltd.
1275 Bloomfield Avenue, Unit 141, Building 16,
Fairfield, New Jersey 07004

Home Easy Ltd.
1275 Bloomfield Avenue, Unit 141, Building 16,
Fairfield, New Jersey 07004

*s/ Stacey A. Scrivani*
Stacey A. Scrivani (No. 6129)