**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**EMERSON RADIO CORPORATION,**

**Plaintiff,**

**v.**

**EMERSON QUIET KOOL CO. LTD. and HOME EASY LTD.**

**Defendants.**

**Civil Action No. 1:20-cv-1652**

**Filed: January 14, 2022**

# PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT

*Of Counsel:*
Bobby Ghajar (*pro hac vice*)
COOLEY LLP
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Tel: 310-883-6400
bghajar@cooley.com

**STEVENS & LEE, P.C.**
Stacey A. Scrivani (No. 6129)
919 N. Market Street, Suite 1300
Wilmington, DE 19801
Tel: 302-425-3306
stacey.scrivani@stevenslee.com

Mark H. Anania (*pro hac vice*)
669 River Drive, Suite 201
Elmwood Park, NJ 07407
Tel: 201-857-6769
mark.anania@stevenslee.com

*Counsel for Emerson Radio Corp.*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .......... ii

INTRODUCTION AND NATURE AND STAGE OF THE PROCEEDINGS .......... 1

STATEMENT OF FACTS .......... 1

ARGUMENT .......... 2

I. Plaintiff is Entitled to a Permanent Injunction .......... 2

II. Permanent Injunctive Relief Should Include Means to Prevent Circumvention or Resistance of the Court's Orders by Defendants or Others Acting on Their Behalf .......... 3

CONCLUSION .......... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388 (2006)....................2

*FDIC v. Garner,* 125 F.3d 1272 (9th Cir. 1997)....................5

*Juul Labs Inc. v. 4X Pods*, 509 F. Supp. 3d 52 (D.N.J. 2020) ....................5

*Marshak v. Treadwell,* 595 F.3d. 478 (3d Cir. 2009) ....................4

*Opticians Ass'n of Am. v. Indep. Opticians of Am*., 920 F.2d 187 (3d Cir. 1990)....................3

*Ownum, LLC v. Ownum, Inc.,* 2020 WL 8884958 (D. Del. May 5, 2020)....................3

*Rath v. Vita Sanotec, Inc*., 2020 WL 5877597 (D. Del. Oct. 2, 2020) ....................3

*Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9 (1945) ....................4

*Rockwell Graphic Sys., Inc. v. DEV Indus., Inc.*, 91 F.3d 914 (7th Cir. 1996) ....................4, 5

*Wash. Metro. Area Transit Comm'n v. Reliable Limousine Serv., LLC*, 985 F. Supp. 2d 23 (D.D.C. 2013) ....................5

*World Entm't Inc. v. Brown,* 487 F. App'x 758 (3d Cir. 2012)....................3, 4

**Statutes**

15 U.S.C. § 1116(a) ....................2

**Rules**

Fed. R. Civ. P. 65....................2, 3, 5

**Other Authority**

5 McCarthy on Trademarks and Unfair Competition § 30:14 ....................4

## INTRODUCTION AND NATURE AND STAGE OF THE PROCEEDINGS

The Court granted Plaintiff Emerson Radio Corp.'s ("Plaintiff") request for entry of default [D.I. 217, 218], which was entered on December 15, 2021. [D.I. 219, 220]. Plaintiff's motion for default judgment, a permanent injunction, and other relief followed on December 23, 2021. [D.I. 223, 224]. On January 11, 2022, the Court ordered supplemental briefing from Plaintiff "explaining why the scope of the injunctive relief it seeks [*see* D.I. 223 at 2-4; D.I. 227 at 5] is commensurate with the injury it alleges were and/or will be caused by Defendants' activities, including the purported 'recent marketplace maneuvering' [D.I. 227 at 2-4], and more generally addressing why the injunction should extend to 'related companies' and 'affiliates' of Defendants" [D.I. 229], to which this submission responds.

## STATEMENT OF FACTS

Given their evasive history and bad faith infringement, Plaintiff's motion for default judgment proposed injunctive relief against not just Defendants Emerson Quiet Kool Co. Ltd. ("EQK") and Home Easy Ltd. ("Home Easy") (together, "Defendants"), but also against any related individuals or entities acting in concert with Defendants. [D.I. 223 at 2-4]. This was directed to prevent the significant risk of Defendants attempting to obstruct any relief ordered by this Court. As indicated in Plaintiff's January 10, 2022 letter (the "January 10 Letter") [D.I. 227], this already is occurring. Recent maneuvering by Defendants' principals demonstrate they intend to circumvent the Court's adverse rulings on summary judgment – and seek to avoid any judgment or injunction against them – by reviving and/or forming new entities to continue their willful infringement under the EMERSON QUIET KOOL mark. For instance, as detailed in the January 10 Letter, Home Easy's CEO Wei Xiao signed a petition to "revive" a defunct American Ductless AC Corp entity ("American Ductless") on December 7, 2021 [D.I. 227 at Ex. C at 9

(showing signature by Mr. Xiao)] – one month *after* the Court's order that the purported 2017 assignment of the EMERSON QUIET KOOL mark from American Ductless to EQK was invalid [D.I. 204 at 5]. More troubling, a new website at https://americanductlessac.com/ was launched on or around November 28, 2021 to promote the same infringing products. [*See* D.I. 227 (citing https://web.archive.org/web/20200315000000*/http://www.americanductlessac.com)].

Defendants are behind these recent actions by the "revived" American Ductless because these same Defendants filed an amended complaint in a related case on December 31, 2021 admitting that American Ductless (along with another newly formed entity named "EQK Partners") all "share common ownership" with the Defendants in this case. [D.I. 31 at ¶ 6 in Case No. 20-1449, *Emerson Quiet Kool Co. Ltd. et al. v. Emerson Electric Co*.]. In light of these evasive maneuvers, and to prevent manifest injustice, it is imperative that the Court enter injunctive relief to prevent Defendants from obstructing its rulings. This relief is consistent with precedent and Federal Rule of Civil Procedure 65.

## ARGUMENT

### I. PLAINTIFF IS ENTITLED TO A PERMANENT INJUNCTION

For a permanent injunction, a plaintiff must establish: (1) an irreparable injury; (2) that remedies available at law are inadequate to compensate for that injury; (3) the balance of hardships warrants a remedy in equity; and (4) that public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The Trademark Modernization Act of 2020 ("TMA") provides that a successful showing of a likelihood of confusion creates a rebuttable *presumption* of irreparable harm (15 U.S.C. § 1116(a)), with all other factors just as easily established upon Defendants default. [D.I. 224 at 14-17]. Indeed, even prior to the TMA, Courts routinely granted permanent injunctive relief

upon entry of default judgment.[1]

Here, Defendants are continuing to use Plaintiff's EMERSON mark in violation of Plaintiff's incontestable trademark rights. An injunction preventing Defendants from using, marketing, or selling products under the EMERSON name (with or without the descriptive wording "Quiet Kool") is a necessary step to protect Plaintiff, its valuable trademark, and the public. *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 196 (3d Cir. 1990) ("[T]he lack of control over one's mark 'creates the potential for damage to . . . reputation [, which] constitutes irreparable injury for the purpose of granting a preliminary injunction in a trademark case.'")). Indeed, the "most corrosive and irreparable harm attributable to trademark infringement is the inability of the victim to control the nature and quality of the defendants' goods." *Id.* at 196. As established, Defendants' willful actions have already caused extensive confusion [D.I. 171 at 7-8], which only will continue if not permanently enjoined.

## II. PERMANENT INJUNCTIVE RELIEF SHOULD INCLUDE MEANS TO PREVENT CIRCUMVENTION OR RESISTANCE OF THE COURT'S ORDERS BY DEFENDANTS OR OTHERS ACTING ON THEIR BEHALF

Permanent injunctions frequently reach beyond just the culpable parties named in the complaint. Indeed, the plain text of Federal Rule 65(d) states that "every injunction" ordered by the Court binds not just the parties, but also their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation" who receive actual notice of the order by personal service or otherwise." Fed. R. Civ. P. 65(d)(2)(A)-(C).

[1] *E.g., World Entm't, Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (affirming entry of permanent injunction with entry of default judgment entered against defendants and "all persons in active concert or participation"); *Rath v. Vita Sanotec, Inc.*, 2020 WL 5877597 at *2 (D. Del. Oct. 2, 2020) (noting permanent injunction upon default judgment enjoining further infringement of plaintiff's trademarks); *Ownum, LLC v. Ownum, Inc.*, 2020 WL 8884958 at *1 (D. Del. May 5, 2020) (adopting report and recommendation for default judgment and injunction including transfer of infringing domain name).

This Rule "derives from the common law doctrine that a decree of injunction not only binds the parties defendant but also those identified with them in interest, in 'privity' with them, represented by them or subject to their control." *Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9, 14 (1945) (permitting binding of "those to whom the business may have been transferred, whether as a means of evading the judgment or for other reasons" including successors and assigns). To that end, the "active concert or participation with" language of the Rule recognizes that "the objectives of an injunction may be thwarted by the conduct of parties not specifically named in its text." 5 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 30:14 (quoting *Rockwell Graphic Sys., Inc. v. DEV Indus., Inc.*, 91 F.3d 914, 920 (7th Cir. 1996)).

As such, the Third Circuit has "admitted a significant exception to the general maxim that only parties and their privies may be bound by an injunction: specifically, non-parties 'guilty of aiding or abetting or acting in concert with a named defendant or his privy in violating the injunction . . . may be held in contempt." *Marshak v. Treadwell*, 595 F.3d 478, 486 (3d Cir. 2009) (enforcing injunction against other individuals aiding and abetting the enjoined defendant to use an infringing mark where they "picked up where [the old company] left off"). Otherwise, "defendants might nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding." *Id.* at 486-87 (quoting *Regal Knitwear*, 324 U.S. at 14)). The same is true of permanent injunctions entered upon default judgment. *E.g.*, *World Entm't*, Civ. Action No. 09-5365 (E.D. Pa. May 20, 2011) at D.I. 64 (enjoining upon default judgment defendants and "their respective associates, agents, servants, employees, officers, directors, representatives, successors, assigns and attorneys and all persons in active concert or participation with them"), *aff'd*, 487 F. App'x at 762 (3d Cir. 2012).

Guided by those principles, Defendants' admittedly commonly owned and controlled

affiliates, including at least American Ductless and EQK Partners, are both "in privy" and active concert with Defendants such that they can be bound under Rule 65(d)(2). (*See supra* at 2). Plaintiff believes that the inclusion of Defendants' "related companies" and "affiliates" to any injunction order would simply make explicit what is already implicitly so. *Wash. Metro. Area Transit Comm'n v. Reliable Limousine Serv., LLC*, 985 F. Supp. 2d 23 (D.D.C. 2013) (modifying permanent injunction order to name, and enjoin entities created or controlled by defendant owner). An inclusive order will not only ensure its enforceability against the full scope of persons and entities bound by Rule 65(d), but also ensure that it accomplishes its intended result. *See, e.g., Rockwell Graphic Sys.*, 91 F.3d at 919-20 (injunction applicable to successor corporation formed for purpose of avoiding effects of injunction). Allowing Defendants' affiliates to continue Defendants' infringement and marketplace confusion – which their recent actions with respect to American Ductless demonstrate is likely (*see supra* at 2) – would nullify the Court's effort to protect Plaintiff's interest and goodwill in its mark, and the consuming public from confusion, and to prevent Defendants from freeriding on Plaintiff's rights.

The Court also is free to take additional steps to prevent the named Defendants from even attempting to circumvent any forthcoming permanent injunction or avoid any disgorgement of profits, and Plaintiff urges the Court to do so. *FDIC v. Garner*, 125 F.3d 1272, 1280 (9th Cir. 1997) (permitting freezing of assets under Rule 65 upon risk of assets being dissipated); *Juul Labs Inc. v. 4X Pods*, 509 F. Supp. 3d 52, 71 (D.N.J. 2020) (finding sufficient risk that defendant will deplete assets before final judgment and entering injunction in form of asset freeze).

**CONCLUSION**

Plaintiff respectfully requests that the Court enter Default Judgment on all claims in the form of proposed order requested by the Court that accompanies this supplemental brief.

Respectfully submitted,

Dated: January 14, 2022

STEVENS & LEE

s/ Stacey A. Scrivani
Stacey A. Scrivani (No. 6129)
919 N. Market Street, Suite 1300
Wilmington, DE 19801
Tel:302-425-3306
stacey.scrivani@stevenslee.com

*Of Counsel:*
Bobby Ghajar (*pro hac vice*)
COOLEY LLP
1333 2nd Street, Suite 400
Santa Monica, CA 90401
Tel: 310-883-6400
bghajar@cooley.com

Mark H. Anania (*pro hac vice*)
669 River Drive, Suite 201
Elmwood Park, NJ 07407
Tel: 201-857-6769
mark.anania@stevenslee.com

*Counsel for Emerson Radio Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2022 a copy of the foregoing was served by ECF upon the counsel of record.

STEVENS & LEE

*s/ Stacey A. Scrivani*
Stacey A. Scrivani (No. 6129)