IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EMERSON RADIO CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>EMERSON QUIET KOOL CO. LTD.<br>and HOME EASY LTD.<br><br>Defendants. | C.A. No. 20-1652-LPS |

**ORDER**

WHEREAS, on July 21, 2017, Plaintiff Emerson Radio Corporation ("Plaintiff") sued Defendants Emerson Quiet Kool Co. Ltd. and Home Easy Ltd. ("Defendants") in the United States District Court for the District of New Jersey, asserting claims relating to Defendants' allegedly infringing use of the EMERSON QUIET KOOL trademark (*see generally* D.I. 1, 30);

WHEREAS, on December 7, 2020, the case was transferred to this Court (*see* D.I. 142);

WHEREAS, on May 4, 2021, the Court entered an order indicating that all fact discovery is complete, providing a briefing schedule for summary judgment and *Daubert* proceedings, and setting a trial date of January 10, 2022 (*see* D.I. 155);

WHEREAS, on July 15, 2021, the parties submitted motions for summary judgment and *Daubert* relief pursuant to that order (D.I. 161, 163, 165, 170), for which an oral hearing was conducted on October 18, 2021 (*see* D.I. 203), and were resolved by orders dated October 20, 2021 and November 5, 2021 (D.I. 202, 204);

WHEREAS, on December 8, 2021, the Count granted Panitch Schwarze Belisario & Nadel LLP's ("PSBN") motion to withdraw as counsel for Defendants and further ordered that

1

"substitute counsel for Defendants must enter an appearance no later than December 15, 2021," that "[f]ailure to do so will result in entry of default," but that "if new counsel for Defendants appear as required by this order," it "must, within 24 hours of their appearance, provide written notice to Plaintiff that they understand the terms of this Order and that they may not, absent consent of Plaintiff, seek to reopen discovery or take any action that would delay any of the dates set by this Order," that "due to their failure to timely serve pretrial disclosures, Defendants are precluded from serving any motions *in limine* and from opposing Plaintiff's previously-served motions *in limine*," which included a request to exclude Defendants' purported "costs" (D.I. 224 Ex. C), and rescheduled the jury trial to January 24, 2022 (*see* D.I. 214);

WHEREAS, no substitute counsel entered an appearance by the December 15, 2021 deadline, resulting in the Court and the Clerk entering default against Defendants on December 16, 2021, permitting Plaintiff to move for default judgment (*see* D.I. 219, 220);

WHEREAS, on December 23, 2021, Plaintiff filed a motion for default judgment including a request for permanent injunctive relief, disgorgement of Defendants' wrongful profits attributable to their infringement, and other relief (*see* D.I. 223, 224);

WHEREAS, on January 10, 2022, the Court noted that that no appearance of counsel had yet been made "for the corporate Defendants" (D.I. 226);

WHEREAS, on January 10, 2022, without entering an appearance, an attorney filed a letter advising the Court that Defendants had on January 7, 2022 retained substitute counsel (*see* D.I. 228);

WHEREAS, on January 11, 2022, the Court canceled the "pretrial conference scheduled for January 13 and jury trial scheduled to begin on January 24" and further ordered, *inter alia*, supplemental briefing from Plaintiff as to the "scope of injunctive relief it seeks" and a briefing

schedule for Plaintiff's motion for default judgment "if counsel is going to appear for Defendants" and does so "no later than January 14 at 6:00 p.m." (D.I. 229);

WHEREAS, on January 14, 2022, counsel entered an appearance for Defendants (*see* D.I. 233);

**NOW, THEREFORE**, having considered the briefing relating to this matter, and oral argument held on April 12, 2022, for reasons including those stated in the Court's Memorandum Order of April 19, 2022, **IT IS HEREBY ORDERED** that Plaintiff's motion for default judgment (D.I. 223) is **GRANTED**, as further explained below:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(b) (action arising under an Act of Congress relating to trademarks), and 28 U.S.C. § 1367 (supplemental jurisdiction over related state law claims) and has personal jurisdiction over Plaintiff and Defendants;

2. Venue in proper in this district under 28 U.S.C. § 1391(b) and (c), to which the parties also voluntary consented to pursuant to their stipulated transfer to this Court pursuant to 28 U.S.C. § 1404(a).

3. Plaintiff is the lawful owner of over a dozen federal registrations in its EMERSON® marks (D.I. 30-1), including a number of them that are incontestable pursuant to 15 U.S.C. § 1065. Moreover, under 15 U.S.C. § 1115, the incontestability of Plaintiff's registrations for the EMERSON® mark is conclusive evidence of the validity, ownership, and Plaintiff's exclusive right to use the mark. *Id*.

4. The Clerk of Court previously entered default against Defendants, on notice, due to Defendants' failure to retain substitute counsel by the Court imposed deadline and/or otherwise defend the action. Defendants' non-participation in defending the action included

their failure to timely provide various pretrial materials, including exhibit lists, witness lists, input on the final pretrial order, responses to deposition designations, and response to motions *in limine*, among others. (*See* D.I. 211 at 5; D.I. 214).

5.      The entry of default judgment is within the Court's sound discretion.  As the Court already ruled upon the sufficiency of the First Amended Verified Complaint (D.I. 30) in denying Defendants' renewed motion to dismiss (D.I. 56), the causes of action are well pleaded, and when taken as true and deemed admitted by virtue of Defendants' default, substantiate all of Plaintiff's counts.

6.      Based on Defendants' recent willful inaction and other attempts at delay and misconduct over the course of this protracted litigation (*see, e.g.*, D.I. 211 at 2-5; D.I. 225 at 5-8; D.I. 227 at 2-4), absent entry of default judgment Plaintiff will be severely prejudiced and left without any means of advancing its claims or obtaining relief.

7.      Defendants' culpable conduct, including their continued refusals to abide by the Court's orders and unwillingness and unpreparedness to timely participate in this action, including various pretrial and trial filings, demonstrate their disregard for judicial process.

8.      With respect to Defendants' affirmative defenses that remain following summary judgment and Defendants' voluntary dismissals, for the reasons set out in the Memorandum Order of April 19, 2022, these defenses do not defeat Plaintiff's showing of entitlement to the relief being awarded by the Court.

9.      Accordingly, by virtue of Defendants' default and the pleadings and other evidence before the Court, and pursuant to Fed. R. Civ. P. 55(b)(2), judgment is hereby **ENTERED** in favor of Plaintiff and against all Defendants on all the claims Plaintiff asserts in the First Amended Verified Complaint (D.I. 30) including: trademark infringement under 15

U.S.C. § 1114 (Count I); trademark infringement, unfair competition, and false designation of origin under 15 U.S.C. § 1125(a)(l)(A) (Count II); false advertising under 15 U.S.C. § 1125(a)(1)(B) (Count III); violation of the Anti-Cybersquatting Consumer Protection Act under 15 U.S.C. § 1125(d) (Count IV); trademark infringement under N.J. Stat. Ann. § 56:3-13.16 (Count V); trademark dilution under N.J. Stat. Ann. § 56:13-20 (Count VI); false designation of origin under N.J. Stat. Ann. § 56:8-2 (Count VII); trademark infringement under New Jersey common law (Count VIII); unfair competition and false designation of origin under New Jersey common law (Count IX); and cancellation of Registration No. 4,688,893 (Count X) and on any remaining affirmative defenses of Defendants.[1]

**IT IS FURTHER ORDERED THAT:**

10. Pursuant 15 U.S.C. § 1116(a) and Fed. R. Civ. P. 65, a district court is authorized to issue a permanent injunction "according to the principles of equity and upon such terms as the court may deem reasonable" to prevent violations of the Lanham Act and other trademark law.

11. Plaintiff has established, through the well-pleaded allegations of the First Amended Verified Complaint now deemed admitted, and competent other evidence already before the Court that: (a) Defendants' willful actions have caused Plaintiff irreparable harm by intentionally misappropriating Plaintiff's reputation and selling related goods to the same consumers through the same channels of trade and outlets as Plaintiff; (b) further, Plaintiff is entitled to a presumption of irreparable injury upon its showing of a likelihood of confusion; (c) the available remedies at law are inadequate to compensate for this injury, particularly if Defendants are allowed to continue to use the EMERSON mark (with or without the terms

---

[1] All of Defendants' counterclaims were dismissed with prejudice based on a stipulation (D.I. 199) so ordered by the Court on October 15, 2021.

"Quiet Kool"); (d) any injury Defendants could claim to suffer is far outweighed by the irreparable injury to Plaintiff; and (e) entry of a permanent injunction is in the public interest.

12. Defendants and their related companies, affiliates, officers, agents, servants, employees, attorneys, successors and assignees, and all persons in active concert or participation with them who receive actual notice of this injunction, including but not limited to the entities American Ductless AC Corp. and EQK Partners, are permanently restrained and enjoined, pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65, from engaging in, directly or indirectly, or authorizing and assisting any third party to engage in, any of the following activities:

  A. Marketing, promoting, advertising, manufacturing, producing, or selling products under the name EMERSON (alone or in combination with other terms, including "Quiet Kool");

  B. Using, imitating, or copying Plaintiff's EMERSON trademark – alone or in combination with other terms or designs, including but not limited to "Quiet Kool" – or any words confusingly similar thereof, as a trademark, trade name, domain name, social media handle, metatag or in any hidden data including but not limited to any Internet searching tool, or otherwise in connection with the advertising, display, sale, offering for sale, importing, repairing or refurbishing, or distribution of any products or inventory in any medium, including but not limited to online or retail sales;

  C. Making any implied or express statements that are likely to cause consumers to believe that Defendants' goods or services originate from Plaintiff or are associated with, or endorsed or sponsored by Plaintiff, or that Plaintiff and Defendants are related to one another, in connection with marketing, promoting, advertising, selling, or distributing any of Defendants' goods or services;

    D. Using in the future any name, mark, false designation or origin, or false description, or performing any act which can, or is likely to, lead members of the public to believe that any product or service provided by Defendants is in any manner associated or connected with Plaintiff, Plaintiff's trademarks or trade names, or is sold, licensed, sponsored by, approved, or authorized by Plaintiff;

    E. Engaging in any activity constituting unfair competition with Plaintiff or constituting an infringement of Plaintiff's trademarks or trade names or committing any other act that may lead purchasers to a false belief that Defendants' goods or services are sold or produced under the control and supervision of or are approved and connected with Plaintiff;

    F. Registering or applying to register – as a trademark, service mark, trade name, domain name, trade name, company name, social media handle, or any other source identifying or symbol of origin – the mark "Emerson Quiet Kool," any other mark or name containing the word "Emerson," or any other mark or name that infringes on or is likely to be confused with Plaintiff's EMERSON trademarks or trade name;

    G. Disseminating information that falsely advertises or portrays any of Defendants' products or business as affiliated with Plaintiff, Plaintiff's marks and trade names, or which refer to Plaintiff's company or brand history; and

    H. Effecting assignments or transfers, forming new entities or associations, or any other action with the intention of circumventing or otherwise avoiding any of the obligations or prohibitions set forth in this Order; and

    I. Any transfer or dissipation of inventory of infringing EMERSON QUIET KOOL products (i.e., products that, through packaging, marketing, promotion, or themselves bear or portray the EMERSON or EMERSON QUIET KOOL name or mark) or other assets that

would frustrate the purpose of this permanent injunction and/or avoid any disgorgement of Defendants' wrongful profits under this order.

13. Additionally, within ten (10) days after entry of this order, Defendants shall:

A. Pursuant to 15 U.S.C. § 1118, deliver up for seizure or destruction at Plaintiff's election all products, labels, signs, prints, packages, wrappers, receptacles, advertisements, stickers, tags, warranty booklets, promotional materials, and other items in their possession or under their control on which the EMERSON mark appears (alone or in combination with other terms);

B. Pursuant to 15 U.S.C. § 1125(d), take all steps to transfer ownership and rights to any domain name containing the words "Emerson" (including but not limited to the URL <emersonquietkool.com>) to Plaintiff, and instructing the domain name registrar for those domain names to cooperate in promptly effectuating such transfer; and

C. Provide a copy of this order to each of their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them.

14. Within thirty (30) days after entry of this order, Defendants shall file with the Court and serve on Plaintiff's counsel a report in writing under oath, setting forth in detail the manner in which Defendants have complied with Paragraph 13 of this order.

**AND IT IS FURTHER ORDERED THAT:**

15. A successful trademark plaintiff, including by default judgment, is entitled to recover "defendant's profits" attributable to the infringement subject to the principles of equity, for which "the plaintiff shall be required to prove defendant's sales only." 15 U.S.C. § 1117. Upon entry of default judgment, it is within the Court's discretion to disgorge wrongful profits without first conducting a hearing. *See* Fed. R. Civ. P. 55(b)(2).

16.     Plaintiff has established, through those well-pleaded allegations of the First Amended Verified Complaint now deemed admitted, and various other competent evidence already before the Court that: (a) Defendants' marketing and sale of EMERSON QUIET KOOL products has caused actual confusion and is likely to cause confusion as to the source, sponsorship, or affiliation of Defendants' products; (b) Defendants had intent to confuse and deceive because, *inter alia*, they were aware of Plaintiff's prior marks since 2005, they used without permission Plaintiff's historical advertising on Defendants' website, Defendants have referred to themselves as merely "Emerson" (even on their current website), and continue to take advantage of Plaintiff's established goodwill to palm off and portray their goods as affiliated with Plaintiff; (c) sales have been wrongfully diverted to Defendants solely as a result of Defendants' infringement and false affiliation, as evidenced by the many instances of actual confusion and because Defendants' EMERSON QUIET KOOL mark has no goodwill of its own, which Defendants did little to establish through any advertising of their own; (d) Plaintiff did not delay in asserting its rights because it filed suit immediately after Defendants launched the infringing products in May 2017; (e) injunctive remedies alone are inadequate to account for the real unjust enrichment Defendants received by trading and infringing upon Plaintiff's goodwill; (f) permitting Defendants to keep their wrongful profits over the period of infringement – compounded by their failure to produce certain records and failure to produce their most current sales records – would be counter to the public interest; and (g) Defendants themselves estimated its sales were expected to reach $30M by 2018 (D.I. 18 at 25; D.I. 30 at ¶79).

17.     Accordingly, pursuant to 15 U.S.C. § 1117, and subject to the principles of equity, judgment is **ENTERED** in favor of Plaintiff and against all Defendants in the amount of

$6,500,000.00 representing a disgorgement of Defendants' wrongful profits gained and attributable to the acts complained of in the First Amended Verified Complaint.

18. Following entry of this Order, Plaintiff may file motions seeking enhancement of these damages and/or a motion for recovery of its attorneys' fees, as permitted under 15 U.S.C. § 1117.

**AND IT IS FURTHER ORDERED THAT:**

19. Pursuant to 15 U.S.C. § 1119, "[i]n any action involving a registered mark, the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action."

20. By virtue of Defendants' default, the pleadings, and other evidence before the Court, Plaintiff has established that: (a) the EMERSON QUIET KOOL mark, which is the subject of U.S. Registration No. 4,688,893 (the "'893 registration") and U.S. Application Serial No. 87/750,176, is likely to cause confusion, or to cause mistake, or to deceive consumers, with consequent injury to Plaintiff and to the public, in violation of 15 U.S.C. § 1052(d); and (b) Plaintiff will be damaged by EQK's continued ownership of any registration and/or application for the EMERSON QUIET KOOL mark on the ground that its use and registration falsely suggests a connection between Defendants and Plaintiff to the damage of Plaintiff and injury to the public, in violation of 15 U.S.C. § 1052(a).

21. Separately, the Court has previously found that an assignment purporting to transfer the '893 registration to Emerson Quiet Kool was invalid, resulting in the invalidity of the '893 registration (*see* D.I. 204).

22. The United States Patent and Trademark office is hereby directed to cancel U.S. Registration No. 4,688,893 ("EMERSON QUIET KOOL") and U.S. Application Serial No. 87/750,176 ("EMERSON QUIET KOOL").  Defendants are ordered to cooperate as necessary to effectuate such cancelation.

**AND IT IS FURTHER ORDERED THAT:**

23. The District Court will retain jurisdiction to enforce or supervise the performance under this order.

April 19, 2022                            HONORABLE LEONARD P. STARK
Wilmington, Delaware              UNITED STATES CIRCUIT JUDGE