IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

EMERSON RADIO CORP.,

            Plaintiff,

v.

EMERSON QUIET KOOL Co. Ltd. and
HOME EASY Ltd.,

            Defendants.

Civil Action No. 20-1652-GBW

## MEMORANDUM ORDER

On April 19, 2022, this Court granted Plaintiff Emerson Radio Corp.'s ("Emerson Radio") motion for default judgment due to Defendants Emerson Quiet Kool Co. Ltd.'s and Home Easy Ltd.'s delay, misconduct, failure to substitute counsel, and non-participation in this action pursuant to Federal Rule of Civil Procedure 55(b)(2). D.I. 247. The Court, in the same Order, permanently enjoined Defendants from use of Emerson Radio's EMERSON trademark for various purposes, D.I. 247 ¶ 12, and entered judgment in favor of Emerson Radio for $6,500,000.00, D.I. 247 ¶ 17, among other remedies, *see* D.I. 247. This Court "retain[ed] jurisdiction to enforce or supervise the performance under this order[,]" D.I. 247 ¶ 23, and allowed Emerson Radio to "file motions seeking enhancement of [the damages awarded] and/or a motion for recovery of its attorneys' fees, as permitted under 15 U.S.C. § 1117[,]" D.I. 247 ¶ 18. Emerson Radio has filed letter briefing that explains, as described below, that the parties have been unable to reach a settlement out of Court and that Defendants have exited bankruptcy proceedings. D.I. 271 at 2. The Court must now determine how this case should move forward.

Two motions remain pending before this Court. Emerson Radio filed a motion for enhanced damages, attorney's fees, and final judgment on May 23, 2022, D.I. 260, and a motion for contempt on June 2, 2022, D.I. 265. Under Del. Loc. Civ. R. 7.1.2(b), Defendants had 14 days to respond, which meant their deadlines to respond were June 6, 2022 and June 16, 2022, respectively. Defendants failed to file a response to either motion. Emerson Radio requested, on June 7, 2022, that the Court treat its May 23 motion as "unopposed." D.I. 267 at 1. On June 13, 2022, Defendants informed the Court that "Defendants lack assets sufficient to satisfy the $6.5 million judgment already entered, and therefore necessarily lack assets sufficient to satisfy a judgment in any greater amount" and that "Defendants are preparing to enter bankruptcy proceedings . . . ." D.I. 268 at 1. On June 17, 2022, Defendants informed the Court that they had filed for bankruptcy in New Jersey and that this proceeding was "subject to the automatic stay provision of the Bankruptcy Code." D.I. 269 at 1; D.I. 270 at 1.

Emerson Radio now represents to the Court, by way of their counsel, that "Defendants bankruptcy petitions were each dismissed by the bankruptcy court of the District of New Jersey . . . , which terminates the automatic stay as a matter of law." D.I. 271 at 2. Emerson Radio further represents that settlement discussions subsequent to dismissal of bankruptcy proceedings revealed that Defendants "received substantial revenues from the infringing products after [April 19, 2022] . . . ." D.I. 271 at 2. Emerson Radio "requests that with the automatic stay lifted, both of [Emerson Radio]'s pending motions should proceed to decision to allow [Emerson Radio] to pursue all post-judgment remedies that may become available as a result." D.I. 271 at 2.

2

WHEREFORE, at Wilmington this 21st day of September 2022, **IT IS HEREBY ORDERED** that:

1. Defendants shall file with the Court a letter brief of not more than five (5) pages by 5:00 PM on Wednesday, September 28, 2022 that shall

    a. State whether it disagrees with any of the representations that Emerson Radio made in the last four paragraphs (beginning, "With the denial of these motions leaving Defendants . . . ") of the letter from Emerson Radio's counsel dated on September 20, 2022, D.I. 271;

    b. Explain whether, and, if so, why—with pin citations to precedent and the docket—the Court should not treat Emerson Radio's pending motions, D.I. 260; D.I. 265, as unopposed, given that Defendants failed to respond to either motion; and

    c. Propose how the Court and the parties should move forward;

2. Emerson Radio shall file a letter brief of not more than three (3) pages in response to Defendants' letter brief by no later than Wednesday, October 5, 2022 at 5:00 PM; and

3. The parties shall provide two (2) courtesy copies of their respective letter briefs and cited docket entries that are pertinent to the Court's review thereof.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

3